## NAHUM WILLARD *vs.* JOHN J. CLARKE.

*≺ seems,* that after an insolvent debtor made an assignment of his property, under *St.* 1836, *c.* 238, the statute of limitations ceased to run against the claims of those who were his creditors at the time of the assignment.

The provision in Rev. Sts. *c.* 120, § 9, that the time of a party's absence and residence out of the State shall not be taken as any part of the time limited for the commencement of an action against him, applies to an action on a contract made before those statutes went into operation, if an action thereon was not then barred.

Where the maker of a promissory note, long after its execution, and after he has become insolvent, authorizes a third person to sign his name thereto, as an attesting witness, the validity of the note is not thereby impaired, and the payee is entitled to be considered as a creditor of the maker, under the provisions of *St.* 1836, *c.* 238.

THIS was a petition, praying the court to order the respondent, who held the property of Samuel Knower, an insolvent debtor, under an assignment thereof, to permit the petitioner to become a party to that assignment.

The petitioner alleged that said Knower, on the 20th of April 1837, made an assignment to the respondent of all his goods and estate, conformably to *St.* 1836, *c.* 238, for the benefit of such of his creditors as should become parties thereto : That said Knower gave to the petitioner, on the 2d of March 1836, one promissory note for $200, payable on demand, and on the 8th of April 1837, another note or due bill for $100, payable on demand; and that said notes were in the petitioner's hands, without indorsement of any payment thereon : That after the date of the first of said notes, and before the expiration of six years from the date thereof, said Knower and the petitioner met together before Joseph Stratton, and in his presence the said Knower acknowledged that he made said note and that it was then due ; and said Stratton then affixed his name to said note, thus : " Witness, Joseph Stratton : " That said Knower, soon after the original making of said notes, viz. in the summer of 1837, left this Commonwealth for the purpose of residing in another State, and has ever since permanently resided out of the Commonwealth, and has been within it, since the making of said notes, but a very small portion of the period of six years : That no dividend had been declared under said

Knower's assignment aforesaid ; and that the petitioner had applied to the respondent for permission to become a party to said assignment, and had exhibited said notes to him, and informed him of the circumstances aforesaid ; but that the respondent, alleging that no part of said notes is due, by reason of lapse of time, declined to permit the petitioner to become a party to said assignment.

The respondent filed an answer, the substance of which is stated in the opinion of the court.

Evidence was given by the petitioner, in proof of his allegations as to the attestation of the first of the notes mentioned in his petition.

*F. Hilliard,* for the petitioner.

*C. P. Curtis,* for the respondent.

SHAW, C. J.   This petition was filed under the authority of *St.* 1836, *c.* 238, regulating assignments, § 7 of which authorizes this court to hear and determine, as a court of chancery, all matters arising under any such assignment.   [Here the chief justice stated the contents of the petition.]

An answer is filed by the respondent, by which it appears, that the petitioner's claim is contested on two grounds.   1. That his claim was barred by the statute of limitations :   2. That one of the notes, on which he claims, has been rendered void by a fraudulent alteration.

In regard to the first, it appears that one of the notes was dated March 1836, and the other April 1837 ; that the assignment was made in April 1837, but that the petitioner did not present his claims, and propose to become a party, till more than six years after the cause of action accrued on the notes ; but that during the greater part of that time, the debtor had resided out of the State ; and that no dividend has yet been made.

Supposing the statute of limitations would have been a bar to an action against the debtor, it is a question whether it could be relied on as a bar to this claim.   The statute of 1836, *c.* 238, contemplates assignments for the use of the creditors; and this, we think, must mean those who are creditors at the time.   It further provides, § 4, that all the creditors shall have

a right to become parties, if they apply therefor before the final dividend. If the petitioner was a creditor at the time, and has applied, not only before a final, but before any dividend, it seems difficult to perceive why he should be affected by the statute of limitations, because the settlement of the estate, under the assignment, has been delayed beyond six years. But we have not thought it necessary to give a decisive opinion upon this point, because upon the facts we are of opinion, that an action on these notes would not be barred by the statute of limitations. The first note was indeed made before the revised statutes went into operation; but it has been held, that from the time when they did go into operation, the rule in regard to the statute of limitations, as modified by those statutes, should apply to debts already contracted. *Wright* v. *Oakley,* 5 Met. 400. By Rev. Sts. *c.* 120, § 9, it is provided that, in applying the statute of limitations, the time that a debtor is residing out of the State shall not be taken into the computation of the six years. By this rule, the petitioner's right of action was not barred, because six years had not elapsed since his right of action accrued.

2. The fraudulent alteration relied on was, that the holder of the note, which was not attested when it was made, afterwards procured a person to put his name thereto, as an attesting witness.

In *Homer* v. *Wallis,* 11 Mass. 309, it was held that procuring a person to sign a note as an attesting witness, who did not attest it at the time, was a material alteration, which would avoid the note; because it tended to give a character to it which the maker had not given, and to his injury. *Smith* v. *Dunham,* 8 Pick. 246, decided that such subsequent attestation, though unavailing as an attestation, did not necessarily avoid the note. In *Adams* v. *Frye,* 3 Met. 103, it was held that the procurement of such an attestation would be *prima facie* evidence of fraudulent intent; but that it might be rebutted by proof.

In the present case it was proved, to the satisfaction of the court, that this attestation was so placed on the note, subsequently to its execution, with the knowledge and consent of the maker

37 *

Under the *St.* of 1836, the assignment was no bar to the petitioner's claim on the debtor, unless he came in and proved his debt. At the time therefore when this attestation was made, this was a valid note against Knower, and the holder had an interest in pursuing his claim against him. Willard, the holder, was desirous of having it renewed ; instead of which, and for his satisfaction, Knower the promisor proposed to have it attested, and he authorized the attesting witness to put his name on the note as such.

This, we think, fully rebuts the charge of fraudulent intent, and shows that it was done for a lawful and honest purpose. The court are of opinion, that the petitioner is entitled to become a party to the assignment, prove his claim, and receive his dividend.