## NICHOLAS H. BRIGHAM *vs.* CHARLES BIGELOW.

The provision in Rev. Sts. *c.* 120, § 9, that "if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action," applies to a case in which the cause of action had accrued before the revised statutes went into operation, and the party against whom it had accrued afterwards was absent from and resided out of the State.

THIS was an action of assumpsit, commenced on the 24th of September 1845, by the payee against the maker of two promissory notes; one dated April 24th 1835, for $567·70; the other dated July 15th 1835, for $162·74; and each payable in six months from date.

It was in evidence, at the trial in the court of common pleas, before *Washburn*, J. that the defendant, after the making of the notes, until September 1836, was and continued to be an inhabitant and resident of this State; and that, in September 1836, he departed from the State, and remained absent therefrom, until the spring of 1845.

The defendant relied on the statute of limitations; but the judge instructed the jury that the action was not barred by that statute. A verdict was returned for the plaintiff, and the defendant alleged exceptions to the judge's instruction.

*G. M. Brown*, for the defendant. The causes of action on the notes in suit accrued, respectively, in October 1835 and January 1836, while the defendant was a resident of this State. The revised statutes went into operation on the 1st of May 1836. And by § 9 of *c.* 120 of those statutes, "if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from and reside out of the State, the time of his absence shall not be taken

as any part of the time limited for the commencement of the action." By *St.* 1786, *c.* 52, which was in force when the notes were given, the present action is barred. And the question now to be decided is, whether Rev. Sts. *c.* 120, § 9, were intended to operate retrospectively.

The general rule is, that no statute is to have a retrospect beyond its commencement, unless the legislative intention to the contrary is clear and unquestionable. Bac. Ab. Statute, C. *Dash* v. *Van Kleeck*, 7 Johns. 477. This rule has been judicially applied in numerous cases respecting statutes of limitation. *Day* v. *Pickett*, 4 Munf. 104. *Hull* v. *Minor*, 2 Root, 223. *Mickle* v. *Lucas*, 10 S. & R. 293. *Bigelow* v. *Bigelow*, 6 Ohio, 49. *Hazlet* v. *Critchfield*, 7 Ohio, 485. *Van Hook* v. *Whitlock*, 3 Paige, 409. See also the remarks of Shaw, C. J. in 5 Met. 407.

The language of Rev. Sts. *c.* 120, § 9, seems clearly to express the intention of the legislature that the deduction for absence from the State shall not have a retrospective operation : " If, after any cause of action *shall have* accrued," &c. But the legislature did not leave this question to depend on verbal criticism, or mere construction. The 146th chapter, § 5, expressly provides that the repeal of the former statutes " shall not affect any act done, or any right accruing, or accrued, or established." The contracts which are now in suit were *acts done*, which will be essentially *affected* by giving the statute a retrospective effect. In 5 Met. 409, Shaw, C. J. says, " the statute of limitations, though only barring the remedy, does thereby deeply affect the rights of the parties." And does the running of time give no *accruing* right ? When the revised statutes took effect, the prescribed period of limitation, as to these contracts, was running, and the defendant's right to have the statute bar ultimately interposed was *accruing;* and the repealing act says that an accruing right shall not be affected.

Further ; if the legislature had attempted to give this statute a retrospective effect, it would be, to that extent, void, as an infraction of a vested right, and impairing the obligation

of contracts.   See Angell on Lim. (2d ed.) 18, 19.   *Society* v. *Wheeler*, 2 Gallis. 139.

The precise question now before the court has never been decided.   It is said, indeed, in *Willard* v. *Clarke*, 7 Met. 437, " it has been held that from the time the revised statutes went into operation, the rule in regard to the statute of limitations, as modified by those statutes, should apply to debts already contracted."   And *Wright* v. *Oakley*, 5 Met. 400, is cited as the case in which it was so held.   But no such decision was made in *Wright* v. *Oakley*; and no such *dictum* or decision was called for in *Willard* v. *Clarke*.

*Brigham*, for the plaintiff.

SHAW, C. J.   The question is, whether the rule prescribed by the Rev. Sts. *c.* 120, § 9, regulating the time within which an action shall be brought, shall be applied in this case, although the causes of action, on both notes, accrued before the revised statutes went into operation.   The rule of limitation there prescribed, and the rule which it superseded and replaced, are essentially different.   By the former law, *St.* 1786, *c.* 52, § 4, if the plaintiff were out of the United States when the cause of action accrued, the statute did not run against him, until he came within them, by which the impediment was removed, or, if the defendant was out of the Commonwealth when the cause of action accrued, the term of limitation did not begin to run in his favor, unless he left property which could be attached by ordinary legal process, until his return into the Commonwealth.   *Bulger* v. *Roche*, 11 Pick. 36.*

But by the Rev. Sts. *c.* 120, § 9, if the debtor be out of the State when the cause of action accrues, the action may be commenced within the time limited therefor, after he shall

---

* An inaccuracy occurred in drawing up the opinion in that case, (not, however, affecting the grounds of the decision,) by inadvertently stating that the statute did not begin to run against a plaintiff out of the *Commonwealth;* whereas it should have been, " out of the United States."   But this obvious mistake could hardly have led any one into error, because it was easily corrected by referring to the statute.

have come into the State ; and further, which is the new pro-vision, " if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." In applying the rule to the present case, it is very clear, that if the *St.* of 1786 is applicable, the action is barred ; and that by the rule of the revised statutes it is not barred.

The court are of opinion, that the rule of the revised statutes must apply, having been in force many years when this action was commenced. It is precisely within the terms of the statute. The action was commenced in September 1845. After the causes of action had accrued, namely, in 1836, the defendant departed from the State, and from that time was " absent from and resided out of the State " nine years. Those nine years are therefore not to be taken as part of the time of limitation ; and without them, six years had not elapsed when the action was brought.

But it is said, in the elaborate and learned argument of the counsel for the defendant, that these words, " shall have accrued," must apply only to a case where the cause of action should accrue after the statute went into effect. But nothing in the terms, and nothing in the object or purpose of the statute, requires or warrants this qualification. The form of expression was manifestly adopted to mark the distinction in the two cases; one, as in the old statute, where the de-fendant should be out of the State when the action should accrue ; and the other, to which the revised statutes extended the exception, when the defendant should go out of the State, after the cause of action should accrue. The cause of action will have accrued, when the defendant goes out of the State after the revised statutes go into operation, although that cause of action first accrued before.

But further; if the defendant relies wholly on the *St.* of 1ˉ86, and insists that the revised statutes do not apply to the case, it would follow that, as the *St.* of 1786 is expressly repealed, there would be no limitation whatever. But we

think that the repealing act, passed February 19th 1836, to go into operation simultaneously with the revised statutes, applies to this case. It provides, § 4, that when any limitation of time, for barring any remedy, shall have begun to run, and the same or a similar limitation is prescribed by the revised statutes, the time of limitation shall continue to run, and shall have the like effect, as if the whole period had begun and ended under the revised statutes. This renders it perfectly plain that the statute intended to apply to cases where the cause of action had accrued before the revised statutes went into effect; because in no other case could the term of limitation have begun to run. Then it necessarily follows that, whatever may be the rule for computing the previous part of this period, whether including or excluding the time of the defendant's absence and residence out of the State, that portion of the time, which ran after the revised statutes took effect and the old statute was repealed, must be computed according to the rule of the revised statutes; because no other law of limitation was in force. According to this rule, applied to the present case, the whole nine years of the defendant's absence, having occurred after the revised statutes took effect, must be deducted from the time of limitation, and leave it less than six years.

The argument for the defendant, we think, assumes, without authority, that the law limiting an action upon a contract must be the law which is in force at the time, and in the country where the contract is made, and in effect forms the law of the contract; and therefore that any act of legislation, which alters such law of limitation, does in effect impair the obligation of contracts. This, we think, is not a true view of the law. It is well settled, that the law of the place where the contract is made, the *lex loci,* regulates the construction, operation, and legal force and effect of the contract; but that the law of the place where the remedy is sought, the *lex fori,* regulates the time within which a suit shall be brought, the form and mode of bringing it, the relief to be afforded; as, either by enforcing a specific performance,

or giving an equivalent in damages; whatever, in fact, belongs to the remedy. *Carnegie* v. *Morrison*, 2 Met. 381. Any statute, limiting the time within which an action may be commenced, regulates the remedy only. And it has been held that the only statute of limitations which can be relied on to bar an action, whether brought to enforce a contract, or otherwise, is the statute in operation at the time and place when and where the remedy is sought. *Bulger* v. *Roche*, 11 Pick. 36.

By the comity of states and nations, the obligation of a contract is recognized, wherever the regular administration of law and justice exists; and therefore a suit on these contracts might have been brought by the plaintiff, in any State, to the laws of which the defendant, by his residence therein, might have become amenable. But if different States have different times of limitation, with different exceptions and qualifications, the law of each State, in which the plaintiff might bring his action, must govern in this respect. If one has a limitation of five years, another of seven, and another of twenty, with fewer or larger exceptions, the remedy must be such as each State would afford, and the suit be brought within the time prescribed by its own statute of limitations. When, therefore, a promissory note is made in Massachusetts, neither the promisor nor the promisee can consider the law of Massachusetts, then regulating the limitation of actions, as part of such contract; because the one may sue, and the other be liable to be sued, in states and countries where the law of limitation in Massachusetts cannot be recognized or enforced. It therefore cannot be maintained that a law, reasonably regulating the limitation of actions, is a law impairing the obligation of contracts. If, indeed, the legislature should declare that a period already elapsed should bar an action, this would be, under color of regulating, arbitrarily to take away all remedy, and in effect destroy the contract, within its jurisdiction, and would be a mere abuse of power, not to be anticipated from any legislature. The right, therefore, which a defendant has to bar an action by the statute of limitations, is not a

right originating in, or flowing from, the contract ; and although, as was said in the case of *Wright* v. *Oakley*, 5 Met. 409, the regulation of remedies may deeply *affect* the rights of parties, it does not impair that private or vested right of a party, which flows from, and is incident to, his contract. It follows that such remedies may be altered and changed, within just and reasonable limits, without impairing the obligation of contracts.

But further; the consideration that the law of limitation does not constitute a part of the contract, but affects the remedy only, forms an answer to the main point of the argument for the defendant, which is, that the law is retrospective. On the contrary, it seems to us to be entirely future in its action. It provides that, when an action shall be brought, it shall be brought within a limited time, or otherwise be barred. A defendant has no vested right in any particular mode or time of limitation ; at least before the law in force has actually run, so as to afford him a complete bar ; whatever may be said in regard to his right after such a bar is completed by the lapse of time. In the case of *Wright* v. *Oakley*, cited in the argument, it was held that, taking all the provisions of the revised statutes together, when the six years had run and become a good bar, before the revised statutes went into effect, it was not taken away by their operation.

But we think it has never been decided that a limitation created by statute could not be extended by statute, so as to postpone the time for commencing an action, by a general law, applicable to all cases, when the suit was not already barred by lapse of time, and by force of the statute. In the case of *Holden* v. *James*, 11 Mass. 396, it was held that it was not competent for the legislature, in the just exercise of the law-making power, to take away the protection of the general statute of limitations from particular persons, and in particular cases ; yet the decision proceeded on the ground that a statute of limitations might be suspended, and of course modified and changed, by a general act of legislation.

Indeed our own statute of limitations, *St.* 1786, *c.* 52, was several times suspended by the legislature, and did not go into operation till 1793 ; so that the bar, upon which defendants might otherwise have relied, was from time to time removed.

The only change effected by the revised statutes, in this respect, was to suspend the operation of the statute, in all cases, during all that part of the period of limitation in which the defendant should be absent and resident out of the State, and out of its jurisdiction. If, then, the statute has no effect on the contract, which is past when it is made, but only on the remedy, which is then future, it has no retrospective operation, and cannot be avoided on that ground. *Bickford* v. *Boston & Lowell Rail Road*, 21 Pick. 109. *Willard* v. *Clarke*, 7 Met. 435. 24 Amer. Jurist, 272, 273.

*Exceptions overruled.*

