HENRY DARLING *vs.* ALEXANDER H. WELLS.
JOHN A. MOOAR & others *vs.* ASA BATES.

The provision of the Rev. Sts. c. 120, § 9, that the time of a party's absence and residence out of the state shall not be taken as any part of the time limited for the commencement of an action against him, applies to actions which accrued before the revised statutes went into operation, provided the right of action was not then barred.

THE first named case came before the court upon exceptions to the decision of *Wells*, C. J., in the court of common pleas, by which judgment was rendered for the plaintiff upon the following statement of facts agreed by the parties.

The action was brought to recover the amount of a book account, alleged to be due from the defendant to the plaintiff, commencing October 23d, 1832, and ending April 30th, 1834. A part of the account, amounting to $18, was contracted with the plaintiff alone. The residue, amounting to $1·25, was contracted with a firm, of which the plaintiff was the surviving partner. The account was incurred by the defendant; but

it was never presented to him, nor was any demand for payment ever made upon him, or upon any one in his behalf. At the time when the account was contracted, the plaintiff and defendant were both inhabitants of this state. The defendant, afterwards, and after the cause of action accrued, namely, in the year 1834, left this state, and took up his residence in the state of New York, where he has ever since resided and now resides; and, from which, he came into this state, when he was arrested in this suit.

The court of common pleas rendered judgment for the plaintiff, for the sum of $21·36, being the amount of the account sued for with interest from the date of the writ; and the defendant filed exceptions.

*J. T. Robinson,* for the defendant.

*H. L. Dawes,* for the plaintiff.

Shaw, C. J.　The debt was contracted in 1832 and 1834. The right of action then accrued, and the statute then in force began to run.　In May, 1836, the revised statutes went into operation, by which the statute of limitations was materially changed.　By the Rev. Sts. *c.* 120, § 9, it is provided, that if after the cause of action has accrued, the debtor shall be absent from and reside out of the state, the time of his absence shall not be taken as part of the term of limitation. The only question is, whether this last provision applies to debts, which accrued before the revised statutes went into operation, but when the right of action was not then barred. We are clearly of opinion that it does so apply, and that such construction has been practically adopted and applied ever since the revised statutes went into operation.　It was so considered, if not directly adjudicated, in the case of *Wright* v. *Oakley,* 5 Met. 400, in which this change of the law of limitation underwent a full discussion; the same doctrine was reaffirmed, as a settled rule, in the case of *Willard* v. *Clarke,* 7 Met. 435; and, upon principle, we think such to be the true construction.　When the debt was contracted, the defendant had no vested right in the statute of limitations, which could only affect the remedy of the creditor, and

43 *

had no operation until the term of limitation had elapsed. So, when the revised statutes went into operation, the defendant had acquired no right to the statute bar, and his case was not within the exception of the repealing act, respecting rights accruing or accrued. The whole effect of the new statute was prospective, as it regarded an action to recover an existing debt not barred at the time ; and there-fore it was not open to the objection against retroactive laws.

*Judgment for the plaintiff.*

In the second case, above mentioned, which was also an action to recover the amount of a book account, it appeared by the agreed statement of facts, upon which judgment was rendered for the plaintiffs, in the court of common pleas, that when the account was contracted, the plaintiffs and defend-ant were all inhabitants of the state of Vermont ; that the defendant, some short time after the debt was contracted, came into the state of Massachusetts, and resided here awhile ; that he then went to reside in the state of New York, from whence he came into this state, where he was arrested in this suit ; and that the defendant had not resided in this state six years since the debt sued for was contracted.

*J. T. Robinson,* for the defendant.

*H. L. Dawes,* for the plaintiff.

The COURT directed judgment to be entered for the plain-tiffs, for $10·70, being the amount of the account in suit, with interest from the date of the writ.