REQUESTED BY: Lawrence R. Myers, Executive Director Nebraska Equal Opportunity Commission
QUESTION: Whether the provisions of LB 124, 1993 Legislative Session, amending Neb. Rev. Stat. § 48-1118(2) to lengthen the time in which a claimant may file a written charge of a violation of the Nebraska Fair Employment Practice Act NFEPA is retroactive. ANSWER: No, an amendment prescribing limitations on actions cannot resurrect an action which the prior version of the statute had already extinguished.
You note that LB 124, passed by the 1993 Legislature and effective on September 9, 1993, lengthened the period in which a claimant may file a written charge of a violation of NFEPA from 180 days to 300 days from the date of the occurrence. You ask whether the Nebraska Equal Opportunity Commission NEOC has jurisdiction over cases in which the alleged discrimination occurred prior to the effective date of LB 124, if the charge of violation was filed more than 180 days but within 300 days of the occurrence.
In Givens v. Anchor Packing, 237 Neb. 565,466 N.W.2d 771 (1991), the Nebraska Supreme Court stated, `It is well settled that it is competent for the legislature to change statutes prescribing limitations to actions, and that the one in force at the time suit is brought is applicable to the cause of action. The only restriction on the exercise of this power is, that the legislature cannot remove a bar or limitation which has already become complete, and that no limitation shall be made to take effect on existing claims without allowing a reasonable time for parties to bring action before these claims are absolutely barred by a new enactment.'. . .
 Grand Island School Dist. #2 v. Celotex Corp., 203 Neb. 559, 563-64, 279 N.W.2d 603, 607 (1979), quoting Educational Service Unit No. 3 v. Mammel, O., S., H. S., Inc., 192 Neb. 431, 222 N.W.2d 125 (1974), quoting Horbach v. Miller, 4 Neb. 31 (1985), quoting Bigelow v. Bemis, 84 Mass. (2 Allen) 496 (1861), citing Darling v. Wells, 55 Mass. (1 Cush.) 508 (1848), Brigham v. Bigelow, 53 Mass. (12 Met.) 268 (1847), Willard v. Clarke, 48 Mass. (7 Met.) 435 (1844), Wright v. Oakley another, 46 Mass. (5 Met.) 400 (1843), and Battles v. Fobes, 35 Mass. (18 Pick.) 532 (1836), more fully reported 36 Mass. (19 Pick.) 578 (1837). This maxim has been followed by this court for five-score and 16 years. . . . .
 The immunity afforded by a statute of repose is a right which is as valuable to a defendant as the right to recover on a judgment is to a plaintiff; the two are but different sides of the same coin. Just as a judgment is a vested right which cannot be impaired by a subsequent legislative act, Karrer v. Karrer, 190 Neb. 610, 211 N.W.2d 116 (1973), so, too, is immunity granted by a completed statutory bar. See Denver Wood Products Co. v. Frye, 202 Neb. 286, 275 N.W.2d 67 (1979) (a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action before the new limitation becomes effective). These are substantive rights recognized by Nebraska law and protected by its Constitution.
Givens, 237 Neb. at 568-69.
Revival of a barred cause of action is impermissible under the State Constitution.
Sincerely,
DON STENBERG Attorney General
Alfonza Whitaker Assistant Attorney General
APPROVED BY: ______________________________ DON STENBERG, Attorney General 29-505-5.1