DENVER WOOD PRODUCTS COMPANY, A COLORADO
CORPORATION, APPELLANT, V. KENNETH
FRYE ET AL., APPELLEES.

275 N. W. 2d 67

Filed February 6, 1979. No. 41777.

Jim L. Zimmerman of Atkins, Ferguson, Hahn & Zimmerman, for appellant.

Wright & Simmons and John A. Selzer, for appellees.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is an action to foreclose a mechanic's lien. Following trial the District Court specifically found that the purported mechanic's lien was not timely filed and dismissed plaintiff's petition. The plaintiff has appealed.

The evidence in this case is essentially uncontradicted. On May 5, 1975, the defendants, Loyd Reisig and Ruth B. Reisig, entered into a written contract with Kenneth Frye, a contractor, who was to supply all labor and materials and build a house for the Reisigs. On May 30, 1975, Frye ordered various materials from the plaintiff to be used in the construction of the Reisig house. The total invoice price of the materials ordered was $3,927.80. The materials were delivered to Frye at the Reisig house site on June 10, 1975. On July 10, 1975, Frye's wife went to plaintiff's place of business, ordered, and picked up a door priced at $78.75. The door was taken to the Frye residence. Frye was building several houses at the time and the evidence does not establish which job the door was intended for. The door was not delivered to the site of the Reisig house until sometime after October 31, 1975.

The claim of mechanic's lien against the property was filed by the plaintiff on September 29, 1975, for the sum of $4,006.55. The claim included both the materials delivered to the site on June 10, 1975, and the door which, at that time, had not been delivered to the site.

On August 24, 1975, an amendment to section 52-102, R. R. S. 1943, (Laws 1975, L.B. 196), became effective. The only change in section 52-102, R. R. S. 1943, was to extend the time for filing a claim of mechanic's lien to 4 months from the date of furnishing labor or materials, instead of 3 months. The claim of lien in this case was filed more than 3 months after the materials were furnished on June 10, 1975, but less than 4 months thereafter.

The District Court found generally in favor of the defendants and specifically found that the purported mechanic's lien filed by the plaintiff was not timely filed and dismissed plaintiff's petition. The plaintiff has appealed.

Plaintiff contends that the amendment to section

52-102, R. R. S. 1943, was applicable in this case. The defendants contend that the amendment did not operate retroactively and that the time for filing the mechanic's lien here expired on September 10, 1975. Defendants also assert that the door involved in this case was not delivered to the site nor used in the building until many weeks after the claim of lien was filed on September 29, 1975.

The defendants rest their argument on section 49-301, R. R. S. 1943, which provides: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute." Assuming that it is applicable, this court has consistently held that the general saving statute, section 49-301, R. R. S. 1943, relates to substantive and not procedural law. Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599.

A change in a statute of limitations which does not impair existing substantive rights but only alters the procedural enforcement of those rights operates on all proceedings instituted after its passage, whether the rights accrued before or after that date. See Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc., 192 Neb. 431, 222 N. W. 2d 125.

The Supreme Court of the United States, in an early case, held that a statutory extension of time for creation and enforcement of mechanic's liens was not an alteration of a substantive right but was simply an alteration of procedure where the right to claim the lien had not yet expired under the old act at the time the new act became effective. The court determined that under such circumstances the extension of time under the new statute was not retroactive but was prospective in its operation. The court said: "[T]he mere enlargement of the time in which to commence the action, at least in a case

where the time had not yet arrived in which to file any statement of the plaintiff's claim for a lien, does not affect any right or remedy provided for in the old act." Bear Lake Irrigation Co. v. Garland, 164 U. S. 1, 17 S. Ct. 7, 41 L. Ed. 327.

The amendment of section 52-102, R. R. S. 1943, which became effective on August 24, 1975, did not alter or enlarge the right to claim a mechanic's lien, nor did it change or enlarge the remedy of fore-closure. It merely extended the time for filing a claim of lien. For all practical purposes it was identical to extending the time in a specific statute of limitations.

The simultaneous repeal and reenactment of sub-stantially the same statutory provisions is ordinarily construed to be an affirmation or continuation of the original provisions rather than a true repeal. Where a statute has been repealed and substantially reen-acted with additions or changes, the additions or changes are treated as amendments effective from the time the new statute goes into effect. See 73 Am. Jur. 2d, Statutes, § 391, p. 509.

The general rule is that laws prescribing the time within which particular rights may be enforced re-late to remedies only and not substantive rights. A person has no vested right in the running of a statute of limitations unless it has completely run and barred the action before the new limitation becomes effective. See 51 Am. Jur. 2d, Limitation of Actions, § 40, p. 622.

The case of Wisbey v. American Community Stores Corporation, 288 F. Supp. 728 (D. Neb., 1968), confirms that analysis. Judge Van Pelt, in applying an extended statute of limitations, quoted with ap-proval from the case of Gahling v. Colabee S. S. Co., 37 F. Supp. 759 (E. D. Pa., 1941): "The amendatory statute did not create a new right nor revive a right that had been extinguished. The plaintiff had a right of action he could exercise any time before Oc-

tober 7, 1940. Before this right was extinguished Congress extended the time within which the plaintiff could exercise his existing right. This affects merely his remedy and not his right.''

The amendment of section 52-102, R. R. S. 1943, effective on August 24, 1975, extending the time for filing a claim of mechanic's lien to 4 months from the date of furnishing the labor or materials was applicable to plaintiff's cause of action here, and the filing of plaintiff's lien claim on September 29, 1975, was valid and timely as to the materials furnished and delivered on June 10, 1975.

Plaintiff contends that the claim of lien filed on September 29, 1975, was also valid and timely as to a door priced at $78.75 and ordered by the contractor on July 10, 1975. The evidence establishes, however, that the door had not been furnished to the defendants Reisig nor delivered to the construction site by September 29, 1975, and whatever delivery might have been made later was not made by the plaintiff. While the plaintiff may have had a right to file a separate lien after the subsequent delivery of the door, it did not have a valid claim of mechanic's lien for the door prior to its delivery at the construction site.

The claim of lien in the sum of $3,927.80 for the materials delivered to the construction site on June 10, 1975, was timely filed and the plaintiff was entitled to foreclosure of that portion of its claim. That portion of the claim in the sum of $78.75 for the door was improper and should be disallowed.

The judgment of the District Court is reversed with directions to enter judgment in accordance with this opinion.

JUDGMENT REVERSED WITH
DIRECTIONS.