K. C. PETERSON, APPELLANT, V. JOE CISPER ET AL., APPELLEES.
436 N.W.2d 533

Filed March 10, 1989. No. 87-598.

James E. Schneider, of Schneider & Griffin, P.C., for appellant.

Ronald F. Krause, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Plaintiff has appealed from the order of the district court which dismissed his petition as to certain defendants when he elected to stand on his first amended petition to which a demurrer had been filed and sustained. This action arose out of a work-related injury in which plaintiff sought recovery in tort against several of his fellow workers, alleging their negligence in causing plaintiff's injuries.

The action of the district court was based on Neb. Rev. Stat. § 48-111 (Reissue 1988), which provides that in all cases covered under the Nebraska Workers' Compensation Act, "[t]he exemption from liability given an employer and insurer by this section shall also extend to all employees, officers, or directors of such employer or insurer . . . ." Plaintiff assigns as error the failure of the district court to declare § 48-111 unconstitutional as being in violation of Neb. Const. art. I, § 13. That section provides: "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay."

In reviewing an order sustaining a demurrer, the Supreme Court accepts the truth of facts well pleaded and the factual and legal inferences which reasonably may be deduced from such facts, but does not accept conclusions of the pleader. *Weiner v. Hazer*, 230 Neb. 53, 430 N.W.2d 269 (1988). Applying that rule, absent the exempting statute, it would appear that plaintiff's petition would not be subject to a demurrer.

The unconstitutionality of a statute must be clearly established. All statutes are presumed constitutional, and the party challenging the constitutionality of the statute has the burden of showing the statute is unconstitutional. *Tylle v. Zoucha*, 226 Neb. 476, 412 N.W.2d 438 (1987).

It is plaintiff's contention that prior to the amendment of § 48-111 in 1975, an injured employee had a common-law right to sue a negligent coemployee, and therefore article I, § 13, of the Constitution rendered the Legislature powerless to grant coemployee immunity. The gist of plaintiff's argument is that the Legislature cannot deprive an injured employee of his or her common-law right to sue a negligent coemployee unless the Legislature provides a quid pro quo or an adequate substitution for the abrogated common-law right, and this the Legislature failed to do when it amended § 48-111.

Plaintiff's argument as to unconstitutionality is based primarily upon *Grantham v. Denke*, 359 So. 2d 785 (Ala. 1978), and *Estabrook v. American Hoist & Derrick, Inc.*, 127 N.H. 162, 498 A.2d 741 (1985), two cases in which it was held that coemployee immunity from suit is unconstitutional.

*Grantham* was a 7-to-2 decision. In a later case, *Fireman's Fund Am. Ins. Co. v. Coleman*, 394 So. 2d 334 (Ala. 1980), although the principle of *Grantham* was upheld, this time by a 6-to-3 decision, one of the justices from the former majority dissented in *Coleman*. In doing so, he wrote:

> The continuing necessity for explaining that opinion [*Grantham*] and the explanations themselves have convinced me that the time has come for this Court to recognize and candidly admit that it erred in *Grantham v. Denke, supra*, in holding that immunity provisions of the Workmen's Compensation Act are unconstitutional under Section 13 [similar to article I, § 13, of Nebraska's

Constitution] of the Alabama Constitution of 1901. (Beatty, Justice, dissenting.) *Coleman, supra* at 355.

Additionally, *Estabrook* has been overruled in part by *Young v. Prevue Products, Inc.*, 130 N.H. 84, 534 A.2d 714 (1987). In *Young*, a wife brought suit against her husband's employer for loss of consortium resulting from her husband's work-related injury. The trial court dismissed the action on the basis of a statute that granted employers immunity from such actions. On appeal the wife, basing her argument on the rationale of *Estabrook*, argued that the statute was unconstitutional because no quid pro quo had been provided when the right to bring an action for loss of consortium was taken away. The New Hampshire Supreme Court upheld the constitutionality of the statute and indicated that the quid pro quo rationale of *Estabrook* was no longer favored. The court said:

> To the extent that the holding in *Estabrook* may be interpreted as requiring that a restrictive amendment to the workers' compensation law must be supported by a contemporaneously enacted provision for a new benefit, it is overruled. To require that the legislature always increase benefits to a particular group of individuals whenever it takes other benefits aways [sic] could result in unfairness and lead to anomalous results where the purpose of the deprivation is to restore the balance of the general *quid pro quo*.

*Young, supra* at 88, 534 A.2d at 717.

Plaintiff also left the impression during oral argument that in *Hardy v. VerMeulen*, 32 Ohio St. 3d 45, 512 N.E.2d 626 (1987), the Ohio Supreme Court had declared coemployee immunity unconstitutional on the basis of an "open court" provision in the Ohio Constitution. That case involved a medical malpractice statute that barred claims brought more than 4 years after the act or omission constituting alleged malpractice occurred. The court held the statute unconstitutional under the "open court" provision insofar as the statute was applied to bar claims of those plaintiffs who did not know or could not have known of their injuries. The court reasoned that the statute thus applied operated to deprive such a plaintiff of any remedy for bodily injury because the claim was extinguished before he or

she even knew of the injury or reasonably could have discovered it.

Forty states have statutory provisions granting coemployees immunity from suit. In addition, Mississippi has judicially granted such immunity. 2A A. Larson, The Law of Workmen's Compensation § 72.21 (1988). The courts of at least seven states have held coemployee immunity not to be an unconstitutional deprivation of the common-law rights of injured workers. See, *Lowman v. Stafford*, 226 Cal. App. 2d 31, 37 Cal. Rptr. 681 (1964); *Perez v. Continental Cas. Co.*, 367 So. 2d 1284 (La. App. 1979), *cert. denied* 369 So. 2d 157 (La.); *Oliver v. Travelers Insurance Co.*, 103 Wis. 2d 644, 309 N.W.2d 383 (1981); *Iglesia v. Floran*, 394 So. 2d 994 (Fla. 1981); *Meyer v. Kendig*, 641 P.2d 1235 (Wyo. 1982); *Kandt v. Evans*, 645 P.2d 1300 (Colo. 1982); *Seivert v. Resnick*, 342 N.W.2d 484 (Iowa 1984).

The Florida Supreme Court, in *Iglesia v. Floran, supra*, upheld a lower court ruling to the effect that the coemployee immunity provision was constitutional and did not bar access to courts contrary to Fla. Const. art. I, § 21, which provides: "The courts shall be open to every person for redress of any injury . . . ."

Similarly, in *Meyer v. Kendig, supra*, the Wyoming Supreme Court upheld the Wyoming version of a coemployee immunity statute despite the provisions of Wyo. Const. art. 1, § 8, which provides in part: "All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay." In upholding the constitutionality of the statute, the court stated:

> The services of the district court and of this court have been utilized in this case. The fact that the courts are required to be open and to afford justice for injury done does not mean that a party is assured of success in a legal action, or that standards cannot be set for, and limitations cannot be placed upon, causes of action—all in the interest of justice. The court was open to appellee. She has availed herself of its services. The administration of justice in this case is the process in which we are now involved. [The statute] only sets a standard to be applied

by the courts in an action by an employee against a co-employee for negligence resulting in a work-related injury. Such is not violative of Art. 1, § 8 of the Wyoming Constitution.

641 P.2d at 1241.

In *Oliver v. Travelers Insurance Co., supra,* coemployee immunity was held to be constitutional despite a provision in the Wisconsin Constitution providing: "Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character . . . ." Wis. Const. art. I, § 9.

The Iowa Supreme Court, in *Seivert v. Resnick, supra,* held that coemployee immunity did not violate the due process and equal protection clauses of the Iowa Constitution. The court said:

> Whatever views reasonable persons might hold concerning the merit of the challenged classification in terms of social policy, it does not appear to be wholly irrelevant to the legislative scheme of workers compensation benefits. Ordinarily, a co-employee is working under the direction of the employer in comporting his conduct to the employer's directions, a circumstance which supports a legislative decision to grant the co-employee at least a partial share of the employer's immunity from common law tort suits. Generally, the argument supporting co-employee immunity or limited immunity is set forth in 2A A. Larson, *Workman's Compensation Law* section 72.22 at 14-86 (1982): "It is possible, within the bounds of compensation theory, to make out a case justifying this legislative extension of immunity to the co-employee. The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to commonlaw verdicts. This reasoning can be extended to the tortfeasor co-employee; he, too, is involved in a compromise of rights. Perhaps, so the argument runs, one of the things he is entitled to expect in return for what he has given up is the freedom of the commonlaw suits based

on industrial accidents in which he is at fault." We find the foregoing rationale adequate to sustain the challenged legislation.

*Seivert, supra* at 485.

It has long been the law of Nebraska that the Legislature is free to create and abolish rights so long as no vested right is disturbed. *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982). This court has declared that article I, § 13, of the Constitution "is merely a declaration of a general fundamental principle." *Prendergast v. Nelson*, 199 Neb. 97, 103, 256 N.W.2d 657, 663 (1977).

In *Prendergast*, this court addressed the constitutionality of the Nebraska Hospital-Medical Liability Act. In responding to the contention that the provisions of the act creating a medical review panel violated article I, § 13, the court quoted the following from *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339 (1976):

> "Basically the contention is that the Legislature is powerless to alter a common law right. The law itself as a rule of conduct may be changed at the will or even at the whim of the Legislature unless prevented by constitutional limitations. . . . The Constitution does not forbid the creation of new rights, nor the abolition of old ones recognized by the common law, to attain a permissible legislative object. . . ."

(Citations omitted.) *Prendergast, supra* at 104, 256 N.W.2d at 663-64.

Under plaintiff's view, the Legislature would be powerless to ever alter the common law of the state. This court heard a similar argument in *State v. Heldenbrand*, 62 Neb. 136, 87 N.W. 25 (1901), wherein the defendant argued that a statute changing the rules of evidence violated the due process provision of the Nebraska Constitution. The State argued that the law could be amended, otherwise the Legislature could make no new laws. This court said:

> Manifestly, this can not be the law. The constitution did not have the effect, on its adoption, to petrify the social structure. The purpose or intent of its adoption was not to preclude legislation, except in certain specified instances,

> where the power of the legislature for harm is expressly and impliedly restricted. It was not intended that the common law should thenceforth continue to the end of time, unaltered by legislative action. If such had been the intention, a legislative branch of the state government would have been a superfluity. One of the main purposes for which that branch of government is created is that the common law may from time to time be changed or abrogated in those instances wherein, by reason of changed social conditions, or other reasons, it may become ineffectual for the preservation of public or private rights. "A person has no property, no vested interest, in any rule of the common law." *Munn v. Illinois*, 94 U.S. 113, 134. Neither is there such a thing as a vested right in any particular remedy.

*Heldenbrand, supra* at 139-40, 87 N.W. at 26.

It is clear that the Nebraska Legislature has the power to abolish rights so long as no vested right is disturbed. Plaintiff's contention that article I, § 13, of the Constitution deprives the Legislature of power to abrogate his common-law right to sue negligent coemployees for work-related injuries is wrong. No one has a vested interest in any rule of the common law or a vested right in any particular remedy. *State v. Heldenbrand, supra.*

Despite his inability to bring suit against coemployees to recover for his injuries, an injured employee is not left without any remedy whatsoever. The injured employee will receive workers' compensation. If the injury was the result of a coemployee's willful and unprovoked physical aggression, § 48-111 provides that in such a case the injured employee can sue a coemployee.

As for the plaintiff's quid pro quo argument, the quid pro quo an injured worker receives for losing his ability to sue a coemployee is freedom from suit by coemployees he may negligently cause injury to in the course of his employment. See 2A A. Larson, The Law of Workmen's Compensation § 72.22 (1988).

The judgment of the district court is correct and is affirmed.

AFFIRMED.