609 A.2d 903

**CITY OF PHILADELPHIA, Appellant,**

v.

**Louis PATTON, Administrator of the Estate of Debra Renee Patton, Deceased, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided May 19, 1992.

Alan C. Ostrow, Chief Asst. City Sol., for appellant.

Bill Wolf, Jr., for appellee.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

SMITH, Judge.

Before this Court is an interlocutory appeal of the City of Philadelphia (City) from an order of the Court of Common Pleas of Philadelphia County denying the City's motion for judgment on the pleadings. The issue presented to this Court is whether the retroactive application of the City's ordinance repealing its waiver of governmental immunity in cases involving negligence or unlawful conduct of its police officers unconstitutionally deprived Louis Patton (Patton) of his vested cause of action.

On February 27, 1990, Patton filed a complaint against the City seeking damages for the death of his wife, Debra Renee Patton. Patton alleged, inter alia, that on August 15, 1988, two Philadelphia police officers, while patrolling City streets, observed his wife in a dazed, delirious and helpless condition and mistakenly believed that she had taken drugs or consumed alcohol; she was in fact medically ill as a result of weather temperatures of over ninety degrees for fifteen consecutive days, including ninety-eight degrees that day; the

officers refused to take her to the hospital; and she died of hyperthermia as a result of the officers' negligence in failing to provide immediate medical assistance.

The City filed an answer and new matter raising, inter alia, the defense of governmental immunity. Thereafter, the City filed a motion for judgment on the pleadings, contending that Patton's claims did not fall within any exception to governmental immunity under 42 Pa.C.S. § 8542(b) and that Patton failed to state a claim for which relief can be granted because Chapter 21–700 of the Philadelphia Code enacted in 1971 prohibiting the City from pleading governmental immunity in cases involving negligence or unlawful conduct of police officers was repealed in 1990, and made applicable to all pending civil actions. The trial court denied the City's motion, holding that the retroactive repeal of a waiver of governmental immunity violates the due process clauses of the federal and state constitutions. The trial court amended its order to certify this matter for an interlocutory appeal pursuant to Section 702(b) of the Judicial Code, *as amended*, 42 Pa.C.S. § 702(b). Thereafter, the City filed a petition for permission to appeal which this Court granted.

On December 4, 1990, the Mayor of the City signed into law an ordinance repealing Chapter 21–700 of the Philadelphia Code, entitled "Waiver of Governmental Immunity." The repealed Chapter contained § 21–701(a) which provided that "[t]he City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment." [1] Section 2 of the 1990 repealer ordinance provided that "[t]his ordinance shall take effect immediately and its repeal of Chapter 21–700 applies to

---

1. When Chapter 21–700 was first enacted in 1962, it waived immunity in all actions arising out of negligence or unlawful conduct of any City employees. In 1971, the ordinance was amended to limit its waiver to the actions of police officers only. *City of Philadelphia v. Middleton,* 89 Pa.Commonwealth Ct. 362, 492 A.2d 763 (1985). Under Chapter 21–700, the City could be held liable even though the alleged police officers' negligence or unlawful conduct does not fall within any exception to governmental immunity under 42 Pa.C.S. § 8542(b). *Id.*

all pending civil actions and to all civil actions commenced on or after the effective date of this Ordinance."

On appeal, the City contends that the trial court erred as a matter of law in holding that the retroactive repeal of the waiver of governmental immunity was unconstitutional because it did not deprive Patton of his vested right in an accrued cause of action. Patton argues, on the other hand, that although the City Council had power to repeal the waiver of governmental immunity, the retroactive application of the repeal to a pending action is unconstitutional because the legislature may not extinguish a right of action which has already accrued to a plaintiff. This Court concludes that the City's contentions must be rejected under well-established case law.[2]

■■■ Generally, a retroactive application of new legislation will offend the due process clause if, balancing the interests of both parties, such application would be unreasonable. *Krenzelak v. Krenzelak,* 503 Pa. 373, 469 A.2d 987 (1983). Retroactive laws are deemed unreasonable if they impair contractual or other vested rights. *Barasch v. Pennsylvania Public Utility Commission,* 516 Pa. 142, 532 A.2d 325 (1987), *aff'd sub nom. Duquesne Light Co. v. Barasch,* 488 U.S. 299, 109 S.Ct. 609, 102 L.Ed.2d 646 (1989); *Smith v. Fenner,* 399 Pa. 633, 161 A.2d 150 (1960); *Jenkins v. Hosp. of Medical College of Pennsylvania,* 401 Pa.Superior Ct. 604, 585 A.2d 1091 (1991). It is well settled in Pennsylvania that the legislature may not extinguish a right of action which has already accrued to a claimant. *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80 (1980). Thus, the legislature's repeal of a law which created a right of action does not disturb an action accrued thereunder. *Id.* While procedural rules apply to cases filed after their effective dates, substantive rights are governed by the law in effect at the time a cause of action accrues. *Bell v. Koppers Co.,* 481 Pa. 454, 392 A.2d 1380 (1978).

---

**2.** A motion for judgment on the pleadings may be granted only when there are no facts at issue and the law is so clear that a trial would be an fruitless exercise. *Singer v. School Dist. of Philadelphia,* 99 Pa.Commonwealth Ct. 553, 513 A.2d 1108 (1986).

In Pennsylvania, a tort cause of action generally accrues on the date of the accident or injury. *Gibson.* Consequently, Patton's right of action for damages against the City accrued on August 15, 1988 when his wife died as a result of the police officers' alleged negligence.[3] Since Patton's cause of action accrued prior to the repeal of Chapter 21–700, he had a vested right in his accrued cause of action when the repealer ordinance took effect. The City therefore may not constitutionally divest Patton of his vested right by retroactively applying the repealer ordinance to the pending action.

The City disingenuously argues that the enactment of the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *formerly* 53 P.S. §§ 5311.101–5311.803, establishing the statutory bar of governmental immunity, abolished a cause of action for alleged police officers' negligence and that since the City's waiver of governmental immunity did not create a cause of action, but merely opened the courthouse doors which had been closed to such action, the retroactive application of the repealer ordinance is not constitutionally infirm. The City's position is based upon its misconception of what constitutes a cause of action and relies upon the following language in *McHugh v. Litvin, Blumberg, Matusow & Young,* 525 Pa. 1, 574 A.2d 1040 (1990), to support its contention that the waiver provision did not create a cause of action: "when courts overrule prior impediments to bringing suits[,] they are not creating new causes of action, but are merely opening the courthouse doors which had formerly been closed to such actions." *Id.,* 525 Pa. at 9, 574 A.2d at 1044.[4]

An entire reading of the *McHugh* decision, however, clearly demonstrates that it does not support the City's contention. In discussing *Gibson,* the *McHugh* Court merely explained that *Gibson* was based upon the notion that when the court

---

3. Patton argues alternatively in his brief that the City is liable under the motor vehicle exception under 42 Pa.C.S. § 8542(b)(1). However, that issue was not certified for appeal and is therefore beyond this Court's review.

4. A cause of action is the fact or facts which establish or give rise to a right of action, the existence of which upholds a party's right to judicial relief. 2 Standard Pennsylvania Practice 2d § 6:1 (1981).

removes a barrier to pursuing a cause of action, litigants have the right to rely on the change and to proceed until and unless the court limits its holding. *McHugh*, 525 Pa. at 9, 574 A.2d at 1044. In *Gibson*, the Supreme Court applied *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), which abolished sovereign immunity, despite the legislature's express intent to retroactively apply the statute creating sovereign immunity, the Act of September 28, 1978, P.L. 788. The Court held that because the plaintiffs' claims accrued and were actionable in 1977, their claims were free from subsequently enacted statutory sovereign immunity.

A municipal ordinance may be declared void when it clearly, palpably and plainly violates fundamental law. *Borough of Tarentum v. Sadecky*, 16 Pa.Commonwealth Ct. 163, 329 A.2d 328 (1974). As the Supreme Court observed in *Gibson*:

> There is a vested right in an accrued cause of action.... A law can be repealed by the law giver; but the rights which have been acquired under it, while it was in force, do not thereby cease. It would be an absolute injustice to abolish with the law all the effects it had produced. This is a principle of general jurisprudence; but a right to be within its protection must be a vested right.

*Id.*, 490 Pa. at 161, 415 A.2d at 83 (quoting *Lewis v. Pennsylvania R.R. Co.*, 220 Pa. 317, 69 A. 821 (1908)). Therefore, Section 2 of the 1990 ordinance which made its repeal of the waiver of governmental immunity retroactively applicable to pending actions accruing prior to the repeal date violated Patton's constitutional right to due process by depriving him of a vested right of action.

Accordingly, the order of the trial court denying the City's motion for judgment on the pleadings is affirmed.

## ORDER

AND NOW, this 19th day of May, 1992, the order of the Court of Common Pleas of Philadelphia County dated October 2, 1991 is affirmed.