636 A.2d 284

Arthur SAFT and Phyllis Saft, h/w and Kenneth Silver and Judith Silver, h/w

v.

UPPER DUBLIN TOWNSHIP, Walter Pearce, Richard Martingale, Patrick Zollo, Richard H. Leneweaver, Norton A. Freedman, Griffith S. Miller and Z. Edward Heller and SWM Associates, Inc. and Susquehanna Woods, Inc., Arthur Saft and Phyllis Saft, h/w, Appellants.

C. Carter BOND, III and Jacquelyn K. Bond, h/w

v.

UPPER DUBLIN TOWNSHIP, Walter Pearce, Richard Martingale, Patrick Zollo, Richard H. Leneweaver, Norton A. Freedman, Griffith S. Miller and Z. Edward Heller and SWM Associates, Inc. and Susquehanna Woods, Inc., C. Carter Bond, III and Jacquelyn K. Bond, h/w, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided Dec. 30, 1993.

Reargument Denied Feb. 23, 1994.

Richard W. Berlinger, for appellants.

Richard W. Yost, for appellees.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

SMITH, Judge.

Arthur Saft, Phyllis Saft, C. Carter Bond, III, and Jacquelyn K. Bond (collectively, Appellants) appeal from the October 26, 1992 order of the Court of Common Pleas of Montgomery County granting a motion in limine in the nature of a motion for summary judgment filed by Upper Dublin Township, its commissioners, and employees (Township).[1] The broad question presented for this Court's review is whether the governmental immunity provisions contained in the Judicial Code, 42 Pa.C.S. §§ 8541–8564, immunize the Township from liability resulting from the Township's alleged failure to conduct in-

1. Kenneth and Judith Silver have settled their claim and are no longer parties to this action.

spections and require construction of Appellants' homes in accordance with Township ordinances where Appellants executed agreements of sale for the construction of their homes after the January 25, 1979 effective date of the governmental immunities law.

In 1976, a private developer commenced construction of a residential development in the Township. Prior to this time, the Township adopted a building code imposing construction and material standards and requiring Township inspectors to periodically inspect construction to assure compliance with those standards. The Safts and the builder signed an agreement of sale on February 26, 1979 for a house to be constructed thereafter; the Bonds and the builder signed a similar agreement on June 14, 1979. Appellants completed settlement in June 1980 and occupied the premises.

In 1981, Appellants filed civil actions against the Township which were consolidated for trial purposes. Appellants alleged that by failing to properly inspect the project and by failing to enforce the applicable building codes, the Township permitted the builders to engage in a continuing scheme involving use of substandard materials, shoddy workmanship, and violations of the building code, commencing with the start of the project in 1976 and continuing until the project was stopped in 1981. Appellants maintained that the Township's conduct led to defects in the construction of their homes which rendered them unsafe and unfit for habitation.

When Appellants' actions were called for trial in October 1992, the Township presented a motion in limine in the nature of a motion for summary judgment asserting local governmental immunity. In oral argument on the motion before the trial court, Appellants conceded that the negligence they alleged did not fall within any of the enumerated exceptions to governmental immunity created by 42 Pa.C.S. § 8542. Thus, the effective date of the governmental immunities law, January 25, 1979, was critical to the trial court's analysis. The trial court, relying upon this Court's decision in *City of Philadelphia v. Patton*, 148 Pa.Commonwealth Ct. 141, 609 A.2d 903 (1992), and the Supreme Court decision in *Bell v. Koppers Co.*, 481

Pa. 454, 392 A.2d 1380 (1978), held that Appellants acquired no substantive rights prior to the execution of their respective agreements of sale and that such rights are governed by the law in effect at the time their cause of action accrued. The trial court stated that there is no authority which suggests that negligent acts occurring prior to the time a plaintiff's cause of action accrued can affect legislation that became effective in the interim, and granted the Township's motion for summary judgment.

When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Downing v. Philadelphia Housing Auth.,* 148 Pa.Commonwealth Ct. 225, 610 A.2d 535, *appeal denied,* 532 Pa. 658, 615 A.2d 1314 (1992). In considering a motion for summary judgment, all well-pleaded facts in the non-moving party's pleadings must be accepted as true. *Id.* In order for a summary judgment motion to be sustained, the case must be clear and free from doubt. *Benson v. City of Philadelphia,* 146 Pa.Commonwealth Ct. 388, 606 A.2d 550, *appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992).

Appellants argue that the trial court erred because the law does not immunize municipal defendants on the basis of when a cause of action accrues: rather, it provides immunity only when the alleged negligent act occurred after the governmental immunity provisions' effective date. As support, Appellants cite 42 Pa.C.S. § 8541 which states that except as otherwise provided in the subchapter, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Appellants assert that the plain language of Section 8541 bars claims against municipalities based on when the negligent act occurred, not when Appellants' injuries became known or when they filed their complaint. Appellants contend that this is underscored when the language of Section 8541 is compared with its predecessor statute, the Act of September 28, 1978, P.L. 788, known as "Act 152," which specifically provided that it applied to actions

accrued on the effective date of the act, thus making unmistakably clear that the legislature recognizes the distinction between when an action accrues and when a negligent act occurs.

Appellants contend that even if the trial court was correct in its focus on accrual of their cause of action, the action accrued when the negligence occurred, which was prior to the effective date of the governmental immunity provisions. However, neither the plain language of Section 8541 nor well-established precedent supports Appellants' interpretations of the law. At the outset, the mere mention of an "act of the local agency" in Section 8541 does not alter the basic elements of a cause of action founded upon negligence. Such elements are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury, and an actual loss or resulting damage. *Burman v. Golay & Co.*, 420 Pa.Superior Ct. 209, 616 A.2d 657 (1992), *appeal denied*, 533 Pa. 648, 624 A.2d 108 (1993).

A cause of action is the facts which establish or give rise to a right of action, the existence of which upholds a party's right to judicial relief. *Patton.* Rights are vested when they become fixed, unalterable, or irrevocable. *Sanders v. Loomis Armored, Inc.*, 418 Pa.Superior Ct. 375, 614 A.2d 320 (1992). Substantive rights are governed by the law in effect at the time a cause of action accrues, *Bell*, and there is a vested right in an accrued cause of action. *Gibson v. Commonwealth*, 490 Pa. 156, 415 A.2d 80 (1980). The true test of when a cause of action accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion. *Sanders.* In Pennsylvania, a tort cause of action generally accrues on the date of the accident or injury. *Gibson; Patton.* A cause of action does not arise until some person suffers injury or loss by reason of the alleged negligent conduct; mere negligence itself establishes no right of action. *Emert v. Larami Corp.*, 414 Pa. 396, 200 A.2d 901 (1964).

Applying this analysis, it is clear that Appellants possessed no substantive rights prior to the effective date of the

immunity statute and their cause of action in negligence did not accrue until such time that they suffered injury or loss by reason of the Township's negligent conduct. Section 8541 invokes the bar of immunity in terms which clearly negate any right or interest of Appellants, much less a vested cause of action, prior to their signing the agreements of sale. Furthermore, the cases cited by Appellants do not support their contentions regarding when a cause of action accrues. In *Stein v. Richardson,* 302 Pa.Superior Ct. 124, 448 A.2d 558 (1982), the court noted that the Pennsylvania "discovery rule" delays the accrual of a cause of action from the time of the defendant's negligent conduct to a time when the injury caused by the conduct becomes known or should have become known. The discovery rule, however, is not at issue in this case. In *Emert,* the Supreme Court determined that for purposes of service under Pa.R.C.P. No. 1043, a cause of action arises in the county where the injury was sustained. The question of service is also not at issue here.

Appellants' reliance upon *Bell* is also misplaced. In that case, employees of U.S. Steel (USS) sued manufacturers of coke ovens for injury and deaths caused by occupational exposure to substances emitted by ovens at USS. The manufacturers filed a third party complaint against USS seeking contribution and indemnification. In preliminary objections, USS contended that Section 303 of the Workers' Compensation Act,[2] which became effective in February 1975, precluded joinder. Importantly, the parties in *Bell* all conceded that the plaintiffs' injuries, as well as the defendants' alleged negligence, occurred prior to the effective date of Section 303. The issue in that case concerned whether Section 303 should be applied retroactively where the suit was not initiated until after the effective date. The Court rejected arguments that filing the complaint after the effective date of the statute precluded the plaintiffs' action, noting that liability for contribution or indemnity was based upon negligent conduct and

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 481.

injuries occurring prior to the effective date of Section 303.[3]

Also without merit is Appellants' contention that the trial court impermissibly applied the governmental immunity provisions retroactively. Appellants argue that their right to seek recompense became immutable on the date of the alleged negligence, subject only to the condition subsequent that the injury did in fact occur. However, the trial court did not apply the immunity provisions retroactively. In *Sanders,* the Superior Court held that if no vested right or contractual right is involved, an act is not retroactively construed if applied to a condition existing on its effective date, even though the condition results from events that occurred prior to that date. Such is the situation sub judice.

The Township contends that Appellants failed to preserve for appeal the issue of whether they possess a cause of action in negligence because Appellants conceded the issue at oral argument before the trial court. In light of this Court's holding, this issue need not be addressed. Suffice it to say, however, a review of the transcripts before the trial court reveals that Appellants did not concede that they had no cause of action, a point which the trial court acknowledged. Also incorrect is Appellants' argument that the applicability of a statute cannot be waived, which misstates the holding in *Wingert v. State Employees' Retirement Board,* 138 Pa.Commonwealth Ct. 43, 589 A.2d 269 (1991), regarding Pa.R.A.P. 1551(a)(1), that an issue involving the validity of a statute cannot be waived for failure to raise it below.

As a final point, this Court notes that Appellants' position, as well as the trial court's opinion, appears to be based on an accepted "fact" that the Township's allegedly negligent conduct occurred before the January 25, 1979 effective date of the governmental immunity provisions. Moreover, it is undisput-

**3.** *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978), also does not support Appellants' contention that their cause of action accrued when the negligence occurred. The passage cited by Appellants is a discussion of proximate cause, the point at which legal responsibility attaches for the harm to another arising out of some negligent act of a defendant. It makes no mention of accrual of a cause of action and is not relevant to this case.

ed that Appellants' injuries and the Township's alleged failure to inspect occurred subsequent to that date. However, Appellants elaborated upon their theory of negligence at oral argument before the trial court, essentially contending that the Township's failure to inspect and require compliance with its building code was an ongoing, single act that began with the inception of the development and continued through to construction of the last house. Appellants provide no authority for this novel theory. Having examined the record in the light most favorable to the non-moving parties, *see Downing,* this Court must affirm the order of the trial court.

## ORDER

AND NOW, this 30th day of December, 1993, the order of the Court of Common Pleas of Montgomery County dated October 26, 1992 is affirmed.