JOHN SCHENDT, INDIVIDUALLY AND AS NATURAL GUARDIAN OF
JASON SCHENDT AND KELLI SCHENDT, MINORS, APPELLANT, V.
JOHN L. DEWEY, M.D., APPELLEE.
CINDY SCHENDT, APPELLANT, V. JOHN L. DEWEY, M.D.,
APPELLEE.

520 N.W.2d 541

Filed August 19, 1994. Nos. S-92-1007, S-92-1008.

Richard J. Dinsmore for appellants.

John R. Douglas, of Cassem, Tierney, Adams, Gotch & Douglas, and Michael J. Mooney, of Gross & Welch, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and SIEVERS, Chief Judge.

PER CURIAM.

Cindy Schendt filed a personal injury action against Dr. John L. Dewey, alleging negligence and fraudulent concealment. Dewey demurred, alleging that the claim was barred by the statute of limitations. The district court sustained the demurrer and dismissed the action. Schendt appeals. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court.

When considering a demurrer to a petition, a court must assume the pleaded facts, as opposed to legal conclusions, are true as alleged and must give the petition the benefit of any reasonable inference arising from the facts alleged; however, a court cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994).

Dewey is a medical doctor who, at all relevant times, held himself out as an allergy specialist. He treated Schendt from September 1961 until November 1971. During the course of the treatment, he recommended and conducted various radiation treatments on Schendt.

Following an August 30, 1991, biopsy, Schendt was diagnosed with breast cancer, and in September, her left breast was removed. In April 1992, her right breast was removed.

Schendt filed suit against Dewey on August 19, 1992. Her first cause of action alleges that Dewey was negligent in (1) administering the radiation treatments; (2) failing to warn Schendt of the risks of the treatment; and (3) failing to notify Schendt, after the termination of the physician-patient relationship, of information establishing a link between radiation and the development of cancer. She alleged that Dewey's negligence was the direct and proximate cause of her breast cancer, her medical expenses, her loss of past and future income, and her loss of opportunity for early detection and treatment of cancer.

In what she labels as a second cause of action, Schendt alleges that during the treatment, Dewey fraudulently concealed the risks of the radiation treatment. She further alleges that Dewey's fraudulent concealment was the direct and proximate cause of the damages outlined above.

Schendt's husband, individually and as guardian of the couple's minor children, also filed suit against Dewey and alleged facts identical to those presented in Schendt's petition. However, he alleges that he and the children suffered damages, including loss of expected care, comfort, companionship, and consortium of a spouse and mother. Schendt's husband's case is derivative of her case. The two cases have been consolidated for appeal, including the briefs and oral arguments.

Dewey's demurrer to each of the petitions alleged that the corresponding petition failed to state a cause of action because the petition was barred by Neb. Rev. Stat. § 25-222 (Reissue 1989) and the action was not brought within 10 years of the alleged negligence.

Schendt asserts that the district court erred in sustaining the demurrers. It is contended that (1) § 25-222 does not apply

retroactively to the causes of action, (2) § 25-222 is unconstitutional, (3) Dewey is equitably estopped from raising § 25-222, and (4) a cause of action for fraud is not barred by any statute of limitations.

Schendt has alleged that Dewey negligently failed to inform her, after termination of the physician-patient relationship, of information establishing a link between radiation and the development of cancer. This allegation presumes that a physician has a continuing duty to warn patients of the effect of a particular treatment even when the patient is no longer under the physician's care. We have refused to recognize such a duty. See, *Smith v. Dewey*, 214 Neb. 605, 335 N.W.2d 530 (1983); *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982). Therefore, the trial court properly sustained Dewey's demurrer to this theory.

At the time Schendt filed her action for professional negligence, such actions were subject to the limitation periods described in § 25-222. The statute provides:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional service more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

The present dispute concerns the 10-year period limiting discovery. The parties have referred to this as a statute of repose, and in previous cases, we have done likewise. See,

*Smith, supra*; *Colton, supra*.

Schendt contends that § 25-222 does not apply to her action. As a general rule, the limitation period in effect at the time an action is filed governs the action. See *Givens v. Anchor Packing*, 237 Neb. 565, 466 N.W.2d 771 (1991). Under the general rule, § 25-222 would govern Schendt's action. The general rule, however, does not express the full extent of the law.

The Legislature's power to change limitation periods is subject to two restrictions. See, generally, *Givens, supra*. First, the Legislature may not deprive a defendant of a bar which has already become complete. *Id*. Second, the Legislature may not deprive a plaintiff of an already accrued cause of action without providing the plaintiff a reasonable time in which to file the action. *Macku v. Drackett Products Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984).

The rationale for these two restrictions is grounded in the due process clause of Neb. Const. art. I, § 3, which prevents deprivations of property without due process of law. *Givens, supra*. A statutory bar and an accrued cause of action are vested rights. See, *Karl v. Bryant Air Conditioning*, 416 Mich. 558, 331 N.W.2d 456 (1982) (accrued cause of action); *Givens, supra* (statutory bar); *Denver Wood Products Co. v. Frye*, 202 Neb. 286, 275 N.W.2d 67 (1979) (statutory bar); *Saft v. Upper Dublin Tp.*, 161 Pa. Commw. 158, 636 A.2d 284 (1993) (accrued cause of action). Like other vested rights, they cannot be impaired by a subsequent legislative act. See *Givens, supra*. Accord, *Colton v. Dewey, supra* (Legislature is free to create and abolish rights, so long as no vested rights are disturbed); *State ex rel. Douglas v. Nebraska Mortgage Finance Fund*, 204 Neb. 445, 283 N.W.2d 12 (1979) (legislative act cannot interfere with vested rights).

At oral argument, Schendt contended that she had a vested right in her accrued cause of action, in the statute of limitations in effect at the time her cause of action accrued, and in the discovery rule in effect at the time her cause of action accrued. Schendt is only partially correct. As we have just noted, an accrued cause of action is a vested right. However, a person has no vested right in a statute of limitations in effect when her or

his cause of action accrues. *Macku, supra.* See, *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994); *Denver Wood Products Co., supra.* In addition, a person has no vested right in any common-law rule. *Munn v. Illinois*, 94 U.S. (4 Otto) 113, 24 L. Ed. 77 (1876); *Peterson v. Cisper*, 231 Neb. 450, 436 N.W.2d 533 (1989); *Prendergast v. Nelson*, 199 Neb. 97, 256 N.W.2d 657 (1977). The discovery rule in effect prior to the enactment of § 25-222 was a common-law rule, announced in *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581 (1962).

We find that Schendt had no vested right in either the statute of limitations or the discovery rule. Schendt's argument regarding an accrued cause of action, however, requires further discussion.

With respect to her vested right in an accrued cause of action, Schendt's argument may be summarized as follows: Schendt alleged negligence occurring between September 1961 and November 1971. She argues that her cause of action accrued in or before November 1971. Section 25-222 became effective in July 1972. Before § 25-222 became effective, Schendt had an unlimited time in which to discover her cause of action. After § 25-222 became effective, Schendt claims, she did not have a reasonable time to discover her cause of action. Therefore, Schendt reasons that § 25-222, and more particularly the 10-year period of § 25-222, does not apply to her action. Schendt concludes that because the 10-year period of § 25-222 does not apply, she has an unlimited time in which to file her action.

We assume, for the sake of argument, that Schendt's cause of action accrued prior to 1972. We also assume that Schendt's argument is correct and that the 10-year period of § 25-222 does not apply because it did not provide Schendt with a reasonable period in which to file her action. Even with these assumptions, we conclude that Schendt's action is untimely.

Schendt reasons that if the 10-year period of § 25-222 does not apply, we should allow her action to go forward because she filed within 1 year of discovery, as required by § 25-222. Schendt's reasoning is not without support. See, *Browning v. Maytag Corporation*, 261 Ga. 20, 401 S.E.2d 725 (1991); *Lott v. Haley*, 370 So. 2d 521 (La. 1979). This position, however,

fails to give any respect to the Legislature, which, by enacting a repose period, has clearly expressed its intent to limit the discovery exception.

Rather than choose the remedy suggested by Schendt, we choose to follow the remedy suggested by courts in Illinois and Vermont. Courts in those states allow an action such as Schendt's to go forward so long as it was filed within the proper time after discovery *and* within a reasonable time after the effective date of the statute. See, *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 490 N.E.2d 665 (1986); *Lillicrap v. Martin*, 156 Vt. 165, 591 A.2d 41 (1989). See, also, *Merrigan v. Epstein*, 112 Wash. 2d 709, 773 P.2d 78 (1989) (finding that the time limit for bringing a claim under a new statute begins to run, for preexisting claims, only on the effective date of the statute). This position, while recognizing that the statute as written may not apply, acknowledges the Legislature's intent to limit the discovery exception.

We find that if a cause of action has accrued before the effective date of a newly enacted or amended statutory limitation period, and if the statute does not allow the plaintiff a reasonable time in which to file the action, then a court will allow the plaintiff a reasonable time after the effective date of the statute in which to file the action. The question then becomes, What is a reasonable time in which to file the action after the effective date of the statute? In several cases, we have addressed whether a particular statute of limitations provided a reasonable time in which to file suit. See, e.g., *Macku v. Drackett Products Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984); *Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc.*, 192 Neb. 431, 222 N.W.2d 125 (1974). In each case, we concluded that the statute did provide a reasonable time. None of these cases reach the issue of whether a court should allow additional time and, if so, how much time. None of these cases involved a cause of action which was undiscovered on the effective date of the statute.

We find that the outer limits of a reasonable time for bringing a suit is the longest repose period set forth in the statute. Therefore, a reasonable period for bringing the suit is a period not greater than the 10-year repose statute set forth in § 25-222.

See *Mega, supra*. Section 25-222 became effective in July 1972. It provided for a 10-year statute of repose, and in order to bring her action within a reasonable time, Schendt had to bring her action no later than 10 years after the effective date of the statute. Schendt brought her action approximately 20 years after the effective date of the statute, and we conclude, therefore, that Schendt's action was untimely.

Schendt contends that if § 25-222 applies, the statute is unconstitutional because it violates the "open courts" provision of the Nebraska Constitution: "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." Neb. Const. art. I, § 13. In *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982), we held that § 25-222 did not violate the open courts provision. In addressing this issue, we noted that prior to the enactment of § 25-222, a medical malpractice action accrued when the patients discovered, or in the exercise of reasonable diligence should have discovered, the malpractice. In § 25-222, we stated, the Legislature attempted to limit the period of discovery to 10 years. We held that that prevented some patients' malpractice actions from ever arising. In the statute, the Legislature defined substantive rights. We held that defining substantive rights was a valid exercise of legislative power and, therefore, that § 25-222 did not violate the open courts provision. In *Colton*, we recognized that a statute of repose may prevent what would otherwise be a cause of action from ever arising, and we held that such prevention did not violate the open courts provision. We adhere to our decision in *Colton* and hold that § 25-222 does not violate the open courts provision of the Nebraska Constitution.

Our inquiry, however, does not end here. In her petition, Schendt sets forth what she calls a second cause of action, grounded in fraud. The second cause incorporates all of the allegations with regard to negligence. It then alleges that

> during the course of defendant's administration of radiation to the plaintiff and continuing to date, the defendant has fraudulently concealed the risks of the treatment process that he administered to plaintiff and

therefore prevented her from taking any prophylatic [sic] or preventive treatment or diagnostic undertaking to prevent or lessen the development of cancer or the early detection and treatment of cancer.

Despite what Schendt calls her second cause of action, it remains one of medical malpractice, expressing a different theory upon which to allow recovery. "[P]rofessional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is 'malpractice' and comes within the professional or malpractice statute of limitations." *Colton*, 212 Neb. at 131-32, 321 N.W.2d at 917. Fraudulent representations by a physician as to previous negligence or as to the plaintiff's condition do not convert the cause of action from one of malpractice to one of deceit. *MacMillen v. A. H. Robins Co.*, 217 Neb. 338, 348 N.W.2d 869 (1984). Misrepresentations by a physician as to treatment needed or accomplished or as to dangers of treatment or changes in the state of the art as to such medical treatment, whether negligently, deliberately, or fraudulently made, come within the legal purview of malpractice. Schendt did not, and could not, amend her petition to change a malpractice action into a fraud action, and the trial court was correct in sustaining the demurrer and in dismissing her petition.

However, when a court sustains a demurrer, the losing party is entitled to amend the pleadings unless there exists no reasonable possibility that amendment will remedy the deficiency. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). See, also, Neb. Rev. Stat. § 25-854 (Reissue 1989). Instead of allowing the amendment, the district court dismissed Schendt's action.

Section 25-854 provides: "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct."

We now deal with the issue as to whether a claim of fraudulent concealment of facts may furnish the basis for equitable estoppel to prevent or delay the running of the statute of repose as to a cause of action for malpractice. The doctrine of equitable estoppel may be applied to prevent a fraudulent or

inequitable result of the statute of limitations. *Reifschneider v. Nebraska Methodist Hosp.*, 233 Neb. 695, 447 N.W.2d 622 (1989). Equitable estoppel may be applied to bar a defendant's use of a statute of repose. See *MacMillen v. A. H. Robins Co., Inc., supra.*

One who by deception conceals material facts and thereby prevents discovery of the wrong should not be permitted to take advantage of his or her own deceit or concealment by asserting the statute of limitations or repose. *Muller v. Thaut*, 230 Neb. 244, 430 N.W.2d 884 (1988). In the event that Schendt can amend her petition to establish that Dewey fraudulently concealed a material fact, that this fraudulent concealment prevented her from bringing the action within the confines of § 25-222, and that she brought her action within a reasonable time after discovery of the fraudulent concealment, then it is possible to state a cause of action for malpractice in which Dewey might be equitably estopped from raising the statute of repose. She should have been given that opportunity.

However, no amendment is permitted as to that portion of Schendt's husband's petition alleging a cause of action in favor of the minor children. A minor child has no common-law cause of action for the loss of the consortium of a nonfatally injured parent. *Guenther v. Stollberg*, 242 Neb. 415, 495 N.W.2d 286 (1993). See *Vosburg v. Cenex-Land O'Lakes Agronomy Co.*, 245 Neb. 485, 513 N.W.2d 870 (1994).

Except for the judgment dismissing the action for the benefit of the minor children, which is affirmed, we reverse the judgments against John Schendt individually and Cindy Schendt and remand the cause with directions to allow the Schendts 14 days in which to amend their petitions if such is their desire.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

FAHRNBRUCH, J., dissenting.

The majority's holding in this case defeats the purpose of this state's statute of repose. According to the majority, there is no time limit as to when a patient must "discover" the alleged "malpractice" of a physician if the patient alleges facts sufficient to state a cause of action for fraudulent concealment

against the physician. Under the majority rule, if a patient's breast cancer is "discovered" 50 years following a physician's alleged malpractice, the patient's cause of action could withstand not only Nebraska's statute of limitations but also this state's statute of repose, the very purpose of both of which is to prevent stale claims and which, in my opinion, should apply to all causes of action. I respectfully dissent.