## Cullen v. Mignosi

C.P. of Monroe County, no. 709 Civil 1994.

*Mark S. Love,* for plaintiff.
*Robertson B. Taylor,* for defendant.

O'BRIEN, *J.,* March 24, 1997—On May 17, 1992, plaintiff was injured when he was struck in the arm by a sliver of metal that had spalled from a sledge-hammer which was being used by Timothy Mignosi. Plaintiff commenced this action by filing a complaint on March 23, 1994. Plaintiff then filed an amended complaint on May 11, 1994, followed by a second amended complaint on January 24, 1996. Defendant A-Tools Corporation was named as a defendant for the first time in plaintiff's second amended complaint. On January 21, 1997, defendant A-Tools Corporation filed a motion for summary judgment because the plaintiff did not join A-Tools Corporation until after the applicable statute of limitations had expired. Following the submission of briefs and argument on March 3, 1997, defendant A-Tools' motion is now before this court for disposition.

Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

*"Rule 1035.2 Motion*

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential

to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Summary judgment is a means to eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 691 (1989). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that they are entitled to summary judgment as a matter of law. *Krug v. City of Philadelphia,* 152 Pa. Commw. 475, 620 A.2d 46 (1993). A material fact is one which affects the outcome of the case. *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991). In deciding a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party and summary judgment may only be entered in cases where the right is clear and free from doubt. *O'Brien Energy Systems Inc. v. American Employers' Insurance Co.,* 427 Pa. Super. 456, 629 A.2d 957 (1993); *American States Insurance Co. v. Maryland Casualty Co.,* 427 Pa. Super. 170, 628 A.2d 880 (1993).

In the case at bar, the plaintiff was injured on May 17, 1992, and, in Pennsylvania a tort cause of action generally accrues on the date of the accident or injury. *Saft v. Upper Dublin Township,* 161 Pa. Commw. 158, 636 A.2d 284 (1993). Defendant A-Tools contends that it is entitled to summary judgment because plaintiff's case is barred by the statute of limitations since the plaintiff joined A-Tools as a defendant more than two years after the plaintiff's injury occurred. The plaintiff contends that the statute of limitations was tolled because defendants Royal United Corporation and A-Tools

Corporation fraudulently concealed the identity of A-Tools Corporation until the statute of limitations had expired.

Our Superior Court has held that a defendant may be estopped from asserting the statute of limitations if by fraud or concealment the defendant causes the plaintiff to relax her vigilance or deviate from her right of inquiry. *McNair v. Weikers,* 300 Pa. Super. 379, 446 A.2d 905 (1982). The plaintiff must prove such fraud or concealment by clear, precise, and convincing evidence. *Id.* Furthermore, the defendants' conduct "need not rise to fraud or concealment in the strictest sense, that is, with the intent to deceive; unintentional fraud or concealment is sufficient." *Id.* at 388, 446 A.2d at 909. However, mere mistake, misunderstanding or lack of knowledge is insufficient. *Id.*

In the case at bar, plaintiff filed a complaint against Jack Mignosi, Deborah Mignosi, his wife, Timothy Mignosi, Laneco Inc., Royal United Corporation t/d/b/a Ludell Tools and Atlas Group on March 23, 1994. On May 9, 1994, plaintiff's attorney granted a request by the office of Labrum & Doak, counsel for Royal United Corporation, for an extension of time to file an answer to the complaint, subject to the condition that defendant Royal United Corporation would not claim that it was an incorrect defendant. This arrangement was confirmed in writing prior to the expiration of the statute of limitations. Royal United then filed an answer on July 8, 1994. In correspondence from Royal United's attorney to plaintiff's attorney dated January 24, 1995, the following statement appears: "in regard to this matter, I asked Mrs. Taylor of your previous phone conversation. She recalls that you advised her that our office could have an extension to file a responsive pleading provided we didn't advise you later that you 'had sued

the wrong people.' Be advised that at the time of the request, we did not know who the correct corporate entities were."

Subsequently, in Royal United Corporation's answers to plaintiff's requests for admissions, Royal United mentions the existence of A-Tools Corporation for the first time.

Plaintiff points out that both Royal United Corporation and A-Tools Corporation are incorporated under the laws of the State of New Jersey, both maintain their principal place of business at the same address and that both share with one exception the same officers and directors. In support of the foregoing submissions, plaintiff relies upon the deposition of Robert J. Cardillo taken on August 9, 1995:

"Q. Are you an employee of A-Tools Corporation?

A. Yes.

Q. And what is your title?

A. Senior vice president.

Q. Do you know who the shareholders are of A-Tools Corporation?

A. Stan Ryman.

Q. Would that be Stanley—

A. Yeah, Stanley Ryman. I believe it's R-Y-M-A-N. Kenneth Ryman.

Q. Are they related, Stanley and—

A. Father and son; Stanley, father.

Q. All right.

A. Richard Hahn. I think it's—

Q. H-A-H-N?

A. I believe so.

Q. What is his—he's a shareholder as well?

A. Yes.

Q. Are there any others?

A. Arthur Wenig.

Q. Do you know—

A. W-E-N-I-G.

Q. Do you know who the president of A-Tools Corporation is currently?

A. Stanley Ryman. . . .

Q. And what is your title with Royal United?

A. Senior vice president.

Q. How many paychecks do you get?

A. One paycheck.

Q. And what organization, entity is listed on the paycheck?

A. Royal United.

Q. How many offices do you have, physical offices?

A. One. . . .

Q. Where is Royal United Corporation's place of business?

A. 135 West Commercial Avenue, Moonachie, New Jersey.

Q. That is the same physical address as A-Tools Corporation, is it not?

A. Yes. . . .

Q. President, Stanley Ryman.

A. Yes.

Q. Vice president, Richard Hahn.

A. Yes.

Q. Chairman, Arthur Wenig.

A. Yes."

[Cardillo deposition, pp. 6-8, 9, 29.]

Viewing the record in a light most favorable to the non-moving party, we find that there is a genuine issue

of material fact relating to fraud or concealment on the part of defendants Royal United Corporation and A-Tools Corporation. The documents submitted by the plaintiff in opposition to the motion for summary judgment raise sufficient factual issues to preclude grant of the motion as a matter of law.

## ORDER

And now, March 24, 1997, defendant A-Tools Corporation's motion for summary judgment is denied.