BROOKE RUTH BENEDICT ET AL. *v.* ROBERT S. SMITH

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 192737

Memorandum filed March 2, 1977

*Ribicoff & Kotkin,* for the plaintiffs.

*Collins & Kilburn,* for the defendant.

RUBINOW, J. On June 11, 1976, the defendant filed a demurrer to the complaint, which then consisted of three counts. Thereafter, the plaintiffs added a fourth count and, on December 17, 1976, filed a substitute complaint containing the original three counts plus the fourth count. Although the demurrer had been filed before the substitute complaint was filed, the parties have treated the demur-

rer as if it had been filed to the first three counts of the substitute complaint, and the court, accordingly, treats it similarly.

In the first of those three counts, the plaintiffs allege that they are beneficiaries under a will of Ruth W. Vehring. In the first count, they allege further that the defendant, who is an attorney at law, was negligent and broke an agreement with the testatrix in that he did not produce the will of the testatrix after her death. In the second count, they allege that the defendant was negligent in failing to produce a copy of the will. In the third count, they allege that the defendant was negligent in transmitting the will to the testatrix. The defendant's demurrer claims that the complaint is demurrable because the plaintiffs have no standing to bring this action. That claim is, in turn, based on the contention that the plaintiffs have not alleged any attempt to probate the will in the Probate Court.

In paragraph seventeen of the second count, the plaintiffs allege that they were "unable to prove the will in the probate proceeding pertaining to" the estate of the testatrix. The phrase "unable to prove the will" in this allegation is to be construed as meaning that the plaintiffs did not undertake to have the lost will admitted to probate,[1] inasmuch as counsel for the plaintiffs stated during the course of the argument that no such proceedings were instituted. The complaint, as thus construed, and the demurrer thereto raise the question whether beneficiaries under a lost will may maintain an action against a person allegedly responsible for

[1] A court of probate may admit a will to probate even though the proponent is unable to produce the original document before the court. *Spencer's Appeal,* 77 Conn. 638; *In the Matter of Johnson's Will,* 40 Conn. 587; annot., 34 A.L.R. 1304.

the loss of the will without alleging that they have previously instituted proceedings to have the lost will admitted to probate.

There is no Connecticut case on this question. The authorities in other jurisdictions that have considered the analogous question with regard to a tort action for destruction, suppression or spoliation of a will are reviewed in *Allen* v. *Lovell's Adm'x,* 303 Ky. 238, noted in 45 Mich. L.R. 923 and 36 Ky. L.J. 299. The substance of the holding in *Allen* is: "[W]e recognize that a right of action does exist for the wrongful destruction of a will, but hold that the statutory remedy must be resorted to in the probate court, or a showing made that such remedy is inadequate and will not afford relief." 303 Ky. 243–44.

The authorities suggest several reasons for this rule. Among them are the following: (1) The beneficiaries will have sustained no harm from the tort if the lost will is admitted to probate. (2) Original jurisdiction to probate wills is vested in the court of probate and the Superior Court has no jurisdiction to determine in a collateral proceeding what document is the last will and testament of the decedent. (3) The court of probate determined (in the present case) that the decedent died intestate, and the tort action is an improper collateral attack (see *Hall* v. *Hall,* 91 Conn. 514, 521) on the decree of the court of probate. (4) To permit the tort action to be maintained, without at least attempting to probate the lost will, would be in derogation of the public policy (see *Tator* v. *Valden,* 124 Conn. 96, 100) that the will of every person shall be offered for probate.

Because the plaintiffs have not alleged that they have unsuccessfully attempted to have the lost will probated, the court rules, on the basis of the holding

in *Allen* and the authorities cited therein, and on the basis of the foregoing reasons cited for that holding, that the plaintiffs have no present standing to maintain the action presently alleged in the three counts of the complaint, and that the defendant's demurrer must be sustained.[2]

The demurrer to the first three counts of the substitute complaint is sustained.

---

[2] Inasmuch as the plaintiffs have not alleged that they have sought to probate the lost will, the court cannot construe the complaint as alleging a cause of action for violation of the plaintiffs' "right to evidence." See Evans, "Torts to Expectancies in Decedents' Estates," 93 U. Pa. L.R. 187, 198.