[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
In this action claiming conversion of trust assets and a violation of the Connecticut Unfair Trade Practices Act, the plaintiff and defendant are both beneficiaries of an inter vivos trust of which the defendant is also the trustee. There is also pending in the Probate Court for the Meriden Probate District a Request for Acceptance of Final Account and Order of Distribution in relation to this trust, on which request a hearing has not yet been held.
When it appeared to the plaintiff, for reasons not made absolutely clear at this stage of the proceedings, that the Probate Court was not about to schedule a hearing on his "Request for Acceptance of Final Account and Order of Distribution", he withdrew his request for that hearing and filed the present action in Superior Court. The defendant, alleging that this court lacks subject matter jurisdiction, has now moved to dismiss pursuant to Practice Book § 143.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book § 143; Plasil v. Tableman, 223 Conn. 68, 70 n. 4, 612 A.2d 763
(1992). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of act-on that is properly before the court." Third Taxing District v.Lyons, 35 Conn. App. 795, 803, 647 A.2d 32 (1994).
Subject matter jurisdiction "is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Citation omitted.) Castro v.Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988) "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." (Citation omitted.) State v. Malkowski, 189 Conn. 101, 105-06,454 A.2d 275 (1983).
By statute, the Probate Court has original jurisdiction over this matter. General Statutes § 45a-98 gives the Probate Court jurisdiction over matters which "determine title or rights of possession and use in and to any real, tangible or intangible CT Page 4010-PPP property that constitutes, or may constitute all or a part of any trust. . ." This grant of jurisdiction is qualified by General Statutes § 45a-98a(a), which confers that jurisdiction on the Probate Court if "(1) The matter in dispute in not pending in another court of competent jurisdiction and (2) the probate court does not decline jurisdiction." Section 45a-98a(b) provides that if an interested party fails to file an affidavit of intent to claim a jury trial prior to the initial hearing on the matter, that party "shall be deemed to have consented to a hearing on the matter in the probate court. . ." It is undisputed that neither party sought a jury trial in this matter within the time period permitted by statute.
The defendant therefore argues that when the plaintiff "sought and acquiesced to the jurisdiction of the Meriden Probate Court and failed to seek a jury trial and remove the matter to the Superior Court, he waived his rights to the jurisdiction of the Superior Court." He alleges that the plaintiff, discontented with the course of the proceedings in the Probate Court[1], has decided to "forum shop", an activity which he urges this court not to permit. The plaintiff's response is that the Probate Court's failure to schedule a hearing was the equivalent of its declining jurisdiction pursuant to General Statutes § 45a-98a(a)(2), thus giving the plaintiff a green light to proceed in Superior Court.
The plaintiff, although acknowledging that § 45a-98(a) gives the Probate Court jurisdiction over the determination of title or rights of possession and use in property that constitutes all or part of any trust, claims that this jurisdiction "is concurrent with the jurisdiction of the superior court and does not affect the power of the superior court as a court of general jurisdiction." General Statutes § 51-164s
provides that the Superior Court "shall be the sole court of original jurisdiction for all causes of action except in such actions over which the Courts of Probate have original jurisdiction, as provided by statute." However, "[a]lthough the Superior Court may entertain an appeal from Probate Court, the Superior Court cannot exercise concurrent jurisdiction over subject matter within the original jurisdiction of the Probate Court." Bellonio v. Richardson, No. 57727 2 Conn. L. Rptr. 789
(Oct. 24, 1990) 1990 Ct. Sup. 3155; Benedict v. Smith,34 Conn. Sup. 63, 64 (1977) 376 A.2d 774.
Harmonizing these various statutory provisions as they apply to the situation at hand, the following may be said: The Probate CT Page 4010-QQQ Court has jurisdiction over this matter to the extent that it was not already pending in another court, although the Probate Court has the right to decline this jurisdiction. [Section 45a-98a(a) and Section 45a-98(a)]. The matter was not previously pending in any other court, and despite the plaintiff's assertions, the failure of the Probate Court to schedule a hearing on his motion during a time period when the underlying case was still on appeal was not the functional equivalent of that court's declining jurisdiction. "The Superior Court cannot exercise a primary jurisdiction which by the statute is reposed in the Courts of Probate." First National Bank Trust Co. v. McCoy, 124 Conn. 111,115, 198 A. 183 (1938).
It should be noted that the defendant's motion to dismiss is based on a lack of subject matter jurisdiction and not on the prior pending action doctrine. Even if this court has jurisdiction, the prior pending action doctrine could be raised as the basis of a motion to dismiss. That doctrine has not been raised by the defendant, however, nor is it clear that it would apply to this case since the complaint seeks remedies that would not be available to the plaintiff in a Probate Court proceeding.
Despite the foregoing, the plaintiff suggests that Kolodneyv. Kolodney, 2 Conn. App. 697 (1984) stands for the proposition that where a probate appeal and a Superior Court action are both instituted regarding the same matter, the Superior Court action will not be dismissed if it affords the plaintiff a remedy otherwise unavailable in the Probate Court or where the plaintiff's only alternative would be so time consuming that it might cost him the opportunity to collect any judgment that he might obtain. The dismissal entered by the trial court in that case, affirmed on appeal, was based on the prior pending action doctrine and not on a claim of lack of subject matter jurisdiction, an issue which appears not to have been raised by either the parties or the court. Additionally, the decision in Kolodney predates by some nine years the enactment of General Statutes § 45a-98a, which, as previously indicated, specifies limitations on the right to invoke Superior Court jurisdiction in a matter concerning which primary jurisdiction is vested in the Probate Court.
For all the above reasons, the motion to dismiss is granted.