Janice K. Litherland, appellant, v.
Gary Martin Jurgens and Velda
Lee Lenners, appellees.

___ N.W.2d ___

Filed September 11, 2015.    No. S-14-818.

1.  **Motions to Dismiss: Appeal and Error.** A district court's grant of a
    motion to dismiss is reviewed de novo.
2.  **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing
    an order dismissing a complaint, an appellate court accepts as true all
    facts which are well pled and the proper and reasonable inferences of
    law and fact which may be drawn therefrom, but not the plaintiff's
    conclusion.
3.  **Principal and Agent: Fraud: Proof.** A prima facie case of fraud is
    established if the plaintiff shows that the defendant held the principal's
    power of attorney and that the defendant, using the power of attorney,
    made a gift to himself or herself.
4.  **Principal and Agent: Fraud: Proof: Intent.** Once it is shown that
    the defendant used the power of attorney to make a gift to himself or
    herself, the burden is upon the defendant to establish by clear and con-
    vincing evidence that the transaction was made with the clear intent of
    the donor.
5.  **Trusts: Agency: Equity.** An agent or other fiduciary who deals with
    the subject matter of the agency so as to make a profit for himself or
    herself will be held to account in equity as trustee for all profits and
    advantages acquired by him or her in such dealings.
6.  **Decedents' Estates: Executors and Administrators.** Where the ben-
    eficiary seeks to challenge the personal representative's administra-
    tion of the estate, a special administrator can be appointed to pursue
    the claims.
7.  **Conspiracy: Torts.** A conspiracy is not a separate and independent
    tort in itself, but, rather, is dependent upon the existence of an underly-
    ing tort.

Appeal from the District Court for Gage County: DANIEL E. BRYAN, JR., Judge. Affirmed.

Lyle J. Koenig, of Koenig Law Firm, for appellant.

J. L. Spray and Patricia L. Vannoy, of Mattson Ricketts Law Firm, for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## NATURE OF CASE

Janice K. Litherland appeals from the dismissal of her action against the appellees, Gary Martin Jurgens and Velda Lee Lenners, for unjust enrichment, intentional interference with an inheritance, and conspiracy to commit those acts. Litherland was to receive certain real estate under the terms of the decedent's will, but the property was sold by Jurgens as attorney in fact for the decedent prior to her death. The proceeds from the sale were deposited into the decedent's bank accounts and divided equally among Litherland, Jurgens, and Lenners upon the decedent's death, under a separate provision of the will.

For the reasons stated below, we decline to adopt the tort of intentional interference with an inheritance and affirm the judgment of the district court.

## SCOPE OF REVIEW

[1,2] A district court's grant of a motion to dismiss is reviewed de novo. *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015). When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *SID No. 1. v. Adamy*, 289 Neb. 913, 858 N.W.2d 168 (2015).

## FACTS

Litherland was the daughter of Etta J. Ideus Jurgens (Etta), who died on January 2, 2013, as a resident of Beatrice, Gage County, Nebraska. Jurgens and Lenners were Etta's stepchildren. Each is a beneficiary under Etta's will dated November 4, 2004, which was offered for probate in the county court. Under the terms of the will, Litherland was to receive certain real estate if it was owned by Etta at the time of her death. The will devised all the decedent's savings accounts, certificates, and money deposited in any financial institution to Litherland, Jurgens, and Lenners in equal shares. The will named Jurgens and Lenners as joint personal representatives of the estate.

On February 17, 2006, Etta executed a durable power of attorney appointing Jurgens as her attorney in fact. Jurgens used the durable power of attorney to cause the sale of the real estate that Litherland would have received under the will. The sale proceeds were deposited in the decedent's bank accounts. And upon Etta's death, the bank account was distributed equally among Litherland, Jurgens, and Lenners in accordance with her will.

On February 4, 2014, Litherland filed a complaint against Jurgens and Lenners in Gage County District Court alleging three theories of recovery: unjust enrichment, intentional interference with an inheritance, and conspiracy. The first claim was against Jurgens for improperly using the power of attorney to unjustly enrich himself by selling the real estate. Litherland requested that the court create a constructive trust regarding the proceeds of the sale. The second claim was against Jurgens for the tort of intentional interference with an inheritance. The third claim was against both Jurgens and Lenners for conspiracy to commit the acts alleged in the first and second claims.

Jurgens and Lenners moved to dismiss Litherland's complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) and (6), alleging that the district court lacked jurisdiction and

that Litherland failed to state a claim for which relief may be granted.

On July 10, 2014, the district court dismissed Litherland's unjust enrichment claim. The court concluded that because the claim was related to the decedent's estate, it should have been brought in the probate court. At the time this action was commenced, a probate proceeding concerning Etta's estate was pending in the county court for Gage County and, therefore, the probate court had acquired jurisdiction over the decedent's estate. The district court found that Litherland's claim against Jurgens for improperly using the power of attorney to unjustly enrich himself and her request for a constructive trust over the proceeds from the sale of the real estate were both related to Etta's estate. The district court concluded that Litherland could petition the probate court to impose a constructive trust on the proceeds of the sale of the real estate if the probate court found that Jurgens had improperly used the power of attorney to redirect estate property to himself or Lenners. As a result, the district court found that Litherland should bring the claim in the probate court to determine whether the sale of real estate was a proper use of the power of attorney that constituted "a valid ademption" of the anticipated devise.

The district court sustained Jurgens and Lenners' motion to dismiss based upon § 6-1112(b)(1) as to Litherland's first claim, because of the judicial administration rule. The court stated:

> Because both courts have subject matter jurisdiction, if [the probate court] either terminates its jurisdiction or feels for whatever reason it does not want to exercise such equity jurisdiction and formally waives its jurisdiction to hear and decide this issue, within thirty (30) days from filing of this order, [Litherland] may within fifteen (15) days of the [probate court's] waiver or termination of jurisdiction order, re-file her complaint in the District Court . . . .

Regarding Litherland's claim for intentional interference with an inheritance, the district court assumed for purposes of its decision that Nebraska recognized the tort as a cause of action, but held that the claim failed for two reasons. First, Litherland failed to show that probate remedies were inadequate. It stated, "[T]his court has already ruled under the [§ 6-11]12(b)(1) motion [to dismiss] that [Litherland] has an equity action that may be brought before the probate court . . . . Therefore, [Litherland] can not [sic] show that the probate remedies are inadequate."

Second, Litherland failed to allege that Jurgens and Lenners were aware of the contents of the will prior to the sale of the real estate. As a result, the district court found that Litherland did not allege tortious conduct which *intentionally* interfered with the inheritance. Because the court found that Litherland did not state a cause of action for an underlying tort, the court also dismissed her conspiracy claim. The court did not give Litherland an opportunity to amend her pleadings as to the second and third claims. Litherland timely appealed.

## ASSIGNMENTS OF ERROR

Litherland assigns, consolidated and restated, that the district court erred in (1) requiring that remedies in probate court be exhausted in order to sustain a claim for intentional interference with an inheritance, (2) finding that Litherland was required to plead that Jurgens and Lenners were aware of the terms of the will to show intent, and (3) refusing to allow Litherland to amend her pleadings. Litherland's assignments of error relate only to the district court's dismissal of her claims for interference with an inheritance and conspiracy. No appeal was taken from the dismissal of Litherland's action for unjust enrichment.

## ANALYSIS

The question is whether Nebraska recognizes a cause of action for the tort of intentional interference with an inheritance.

For the reasons set forth, we decline to adopt the tort as a cause of action that is permitted in Nebraska.

The Restatement defines the tort as follows: "One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." Restatement (Second) of Torts § 774B at 58 (1979).

There is a jurisdictional split between the states that recognize intentional interference with an inheritance as a cause of action and those that do not. The U.S. Supreme Court has referred to the tort as "widely recognized." See *Marshall v. Marshall*, 547 U.S. 293, 312, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006). However, even among those states that recognize this tort, most have held that a claim may be brought only in limited circumstances.

These states have concluded the tort is generally unavailable where a conventional will contest is available to the plaintiff, the plaintiff has not exhausted probate remedies, and a successful probate contest would provide adequate relief. See, e.g., *Moore v. Graybeal*, 843 F.2d 706 (3d Cir. 1988) (applying Delaware law); *Firestone v. Galbreath*, 895 F. Supp. 917 (S.D. Ohio 1995) (applying Ohio law); *Jackson v. Kelly*, 345 Ark. 151, 44 S.W.3d 328 (2001); *Benedict v. Smith*, 34 Conn. Supp. 63, 376 A.2d 774 (1977); *DeWitt v. Duce*, 408 So. 2d 216 (Fla. 1981); *Robinson v. First State Bank*, 97 Ill. 2d 174, 454 N.E.2d 288, 73 Ill. Dec. 428 (1983); *Huffey v. Lea*, 491 N.W.2d 518 (Iowa 1992); *Axe v. Wilson*, 150 Kan. 794, 96 P.2d 880 (1939); *Allen v. Lovell's Adm'x*, 303 Ky. 238, 197 S.W.2d 424 (1946); *Brignati v. Medenwald*, 315 Mass. 636, 53 N.E.2d 673 (1944); *Gianella v. Gianella*, 234 S.W.3d 526 (Mo. App. 2007); *Griffin v. Baucom*, 74 N.C. App. 282, 328 S.E.2d 38 (1985). These courts have concluded that where probate remedies are adequate and available, a plaintiff cannot maintain an action for intentional interference with an inheritance.

The Florida Supreme Court has stated, "The vast majority of these cases characterize as collateral a later tort action whenever the plaintiff has failed to pursue an adequate remedy in the probate proceedings." *DeWitt v. Duce*, 408 So. 2d at 218. The Arkansas Supreme Court determined that adopting the tort where an adequate probate remedy exists "'would only lead to duplicative litigation, encouraging inefficient relitigation of issues better handled within the context of the core cause of action.'" *Jackson v. Kelly*, 345 Ark. at 157, 44 S.W.2d at 331 (quoting *Goff v. Harold Ives Trucking Co., Inc.*, 342 Ark. 143, 27 S.W.3d 387 (2000)).

One commentator has noted:

> One frequently cited reason for allowing recovery for intentional interference with inheritance is that every wrong should have a remedy. Yet the facts giving rise to the tort are often identical to facts giving rise to a will contest. If either action would provide an adequate remedy, the plaintiff should be limited to the probate action because that is the preferred method for resolving issues related to wills. Accordingly, most jurisdictions prohibit a plaintiff from pursuing the tort action unless a probate action is either unavailable or inadequate.

Nita Ledford, Note, *Intentional Interference With Inheritance*, 30 Real Prop. Prob. & Tr. J. 325, 340-41 (1995).

Although this court has not reached the issue directly, we expressed strong disapproval of the tort in *Manon v. Orr*, 289 Neb. 484, 491, 856 N.W.2d 106, 111 (2014), stating:

> We expressly decline to opine on the interplay between [Neb. Rev. Stat.] § 30-3855(a) [(Reissue 2008)] and § 774B of the Restatement. Even if we were to conclude that the statute did not prevent the adoption of a cause of action for intentional interference with an inheritance or gift, we would nevertheless decline to adopt this tort.

Our language in *Manon v. Orr* is consistent with the general preference for resolving disputes pertaining to wills and

inheritances in probate court. Therefore, we consider whether Litherland's probate remedies were adequate.

In deciding Litherland's claim for unjust enrichment, the district court concluded that the probate court had jurisdiction of this claim. It therefore sustained Jurgens and Lenners' § 6-1112(b)(1) motion, concluding the probate court had jurisdiction because of the judicial administration rule. The district court concluded that had Litherland filed a proper petition in the probate court, the probate court could hear and decide the issue as easily as the district court. It further stated that Litherland could file a petition in the probate court to determine whether Jurgens improperly used the power of attorney to sell the real estate prior to Etta's death and whether the sale defeated the intended devise to Litherland. If the probate court determined that the sale was intended to improperly enrich Jurgens, the court could have imposed a constructive trust over the real estate proceeds in favor of Litherland.

[3] The remedies available to Litherland in the probate court were adequate. When compared to the tort of intentional interference with an inheritance, the action in the probate court would be to impose a constructive trust over the proceeds of the sale of real estate, as compared to an action for damages based upon the tort. The adoption of the tort would duplicate theories of recovery available to Litherland. A cause of action for fraud, which is the basis for the tort, already exists in Nebraska in the context of self-dealing through the use of a power of attorney. We have held:

> [A] prima facie case of fraud is established if the plaintiff shows that the defendant held the principal's power of attorney and that the defendant, using the power of attorney, made a gift to himself or herself. . . . The burden of going forward under such circumstances falls upon the defendant to establish by clear and convincing evidence that the transaction was made pursuant to power

expressly granted in the power of attorney document and made pursuant to the clear intent of the donor.

*Crosby v. Luehrs*, 266 Neb. 827, 836, 669 N.W.2d 635, 645 (2003).

[4] Thus, once it is shown that the defendant used the power of attorney to make a gift to himself or herself, the burden is upon the defendant to establish by clear and convincing evidence that the transaction was made with the clear intent of the donor. See *Eggleston v. Kovacich*, 274 Neb. 579, 742 N.W.2d 471 (2007). This is contrasted with the tort's requirement that the plaintiff must prove the intent of the defendant to deprive the plaintiff of receiving the inheritance. Thus, the action in the probate court presented an adequate remedy for Litherland and did not require proof of Jurgens' intent in selling the real estate as Etta's attorney in fact.

More important, we have long recognized that because of the agency relationship created by a power of attorney, the authority and duties of an attorney in fact are governed by the principles of the law of agency, including the prohibition against an agent profiting in transactions in which the agent represents the principal. See *Archbold v. Reifenrath*, 274 Neb. 894, 744 N.W.2d 701 (2008). In these cases, we have stated that the policy concern underlying the law is primarily focused on the potential for fraud that exists when an agent acting under a durable power of attorney has the power to make gifts, especially after the principal becomes incapacitated. See *In re Estate of Hedke*, 278 Neb. 727, 775 N.W.2d 13 (2009).

[5] Because of these concerns, we have held that a party establishes a prima facie case of fraud by showing that an attorney in fact used the principal's power of attorney to make a gift of the principal's assets to himself or herself. See *id.* Whether the fiduciary acted in good faith or had actual intent to defraud is immaterial; when these circumstances are shown, the law presumes constructive fraud. *Id.* The significance is that the burden of going forward with evidence then shifts to

the fiduciary to establish by clear and convincing evidence that (1) the transaction was made under the power expressly granted in the instrument and the clear intent of the donor and (2) the fairness of the transaction. *Id*. An agent or other fiduciary who deals with the subject matter of the agency so as to make a profit for himself or herself will be held to account in equity as trustee for all profits and advantages acquired by him or her in such dealings. *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997).

We have decided several cases involving alleged wrongful conduct and self-dealing through the use of a power of attorney. See, e.g., *In re Estate of Hedke, supra*; *Archbold v. Reifenrath, supra*; *Crosby v. Luehrs, supra*. These cases contain facts similar to those alleged by Litherland in her complaint.

In *Archbold v. Reifenrath*, a successor personal representative of a decedent's estate brought an action for constructive fraud against the decedent's brother, who had durable power of attorney, to recover assets formerly belonging to the decedent. We held that the decedent's brother did not have the power to make substantially gratuitous transfers of the decedent's property to the brother and his family. Although the power of attorney granted plenary power exercisable in the brother's absolute discretion, that power was limited by statute to those acts an agent was otherwise authorized to do, and the power of attorney did not contain a specific authorization for the making of gratuitous transfers, which an agent is not otherwise authorized to do.

[6] Litherland could have challenged the administration of the estate. Where the beneficiary seeks to challenge the personal representative's administration of the estate, a special administrator can be appointed to pursue the claims. Such an appointment can occur based on an allegation that the personal representative is perpetrating fraud, has colluded with another to deprive the estate of a potential asset, is conflicted to properly administer the estate, or the existence of some

other equitable circumstance, plus some evidence of the personal representative's alleged dereliction of duty. *In re Estate of Muncillo*, 280 Neb. 669, 789 N.W.2d 37 (2010).

[7] For the above reasons, we decline to adopt the tort of intentional interference with an inheritance. Because we decline to adopt the tort, we do not address the other issues related to it. Litherland does not appeal the district court's dismissal of her unjust enrichment claim. Therefore, she has no separate cause of action on which to rest her conspiracy claim. A conspiracy is not a separate and independent tort in itself, but, rather, is dependent upon the existence of an underlying tort. *United Gen. Title Ins. Co. v. Malone*, 289 Neb. 1006, 858 N.W.2d 196 (2015). Without such underlying tort, there can be no claim for relief for a conspiracy to commit the tort. *Id*.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the district court. The motion for attorney fees filed by Jurgens and Lenners is overruled.

Affirmed.

Stephan, J., not participating.