Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/17/2017 09:09 AM CST

Marcia M. Harring, appellant, v. Janis J. Gress and
Fredrick Gress, Copersonal Representatives of the
Estate of Darin J. Gress, deceased, appellees.

___ N.W.2d ___

Filed February 17, 2017.    No. S-16-362.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a
   motion to dismiss is reviewed de novo.
2. **Courts: Justiciable Issues.** Ripeness is a justiciability doctrine that
   courts consider in determining whether they may properly decide a
   controversy.
3. **Courts.** The fundamental principle of ripeness is that courts should
   avoid entangling themselves, through premature adjudication, in abstract
   disagreement based on contingent future events that may not occur at all
   or may not occur as anticipated.

Appeal from the District Court for Thayer County: Vicky
L. Johnson, Judge. Reversed and remanded for further
proceedings.

Daniel L. Werner, P.C., L.L.O., for appellant.

Sheri Burkholder, of McHenry, Haszard, Roth, Hupp,
Burkholder & Blomenberg, P.C., L.L.O., for appellees.

Heavican, C.J., Wright, Miller-Lerman, Cassel, and
Stacy, JJ.

Heavican, C.J.

INTRODUCTION

Marcia M. Harring filed suit in the district court seeking
the allowance of an unliquidated claim against the decedent's

estate and the imposition of a lien against real property owned by the estate or, in the alternative, a trust, constructive or otherwise, to secure payment of that claim, as well as judgment for attorney fees and costs. The estate's motion to dismiss was granted, and Marcia appeals. We reverse, and remand for further proceedings.

BACKGROUND

Marcia was previously married to the decedent, Darin J. Gress. Justin Gress, son of Marcia and Darin, was born in 2000.

Marcia and Darin were divorced in 2009. That decree provided in part:

"12. Pursuant to the stipulation of the parties in regard to Justin's funds, the Court approves creation of a joint account requiring the signatures of both parties for disbursement for college expenses. Any savings held in the name of Justin and not used for his education shall be transferred to him when he reaches his age of majority or becomes otherwise emancipated.

"13. Pursuant to the stipulation of the parties, Darin and Marcia are ordered to equally pay for Justin's reasonable secondary educational expenses not otherwise covered by his savings accounts. Such expenses include tuition, books, and housing."

Darin died on May 15, 2015, and his estate is being probated in the Thayer County Court. Janis J. Gress and Fredrick Gress are the copersonal representatives of the estate; Justin is an heir at law.

On August 4, 2015, Marcia filed a claim with Darin's estate on Justin's behalf. The claim sought one-half of Justin's reasonable secondary educational expenses not otherwise covered by his savings accounts, due upon incurring such expenses. The claim indicated that it was contingent and unliquidated. This claim was disallowed by the estate.

Marcia filed suit in the district court against the estate, seeking that the court order the claim filed on August 4, 2015, be

"allowed," and further that the court confirm the lien of the court's judgement against real property owned by the estate. Marcia also filed a second cause of action against Janis and Fredrick, arguing that they owed a fiduciary duty to the estate to pay all lawful claims and that this duty was breached when the claim was disallowed. Marcia sought to impose a constructive trust on the assets of the estate.

The estate filed a motion to dismiss, which was granted. In dismissing the action, the district court found that the issue was not ripe for resolution because it was not possible to know the amount of "'reasonable'" educational expenses. The district court also noted that Justin is a beneficiary of Darin's estate and that if the trustee failed to pay expenses as provided by Darin's instructions, Justin would have a cause of action against the trustee. Thus, "[a]s there is already a trust in existence with the obligation to pay Justin's college expenses, there is no reason to create a constructive trust to do the exact same thing Marcia requests."

Marcia appeals.

## ASSIGNMENTS OF ERROR

Marcia assigns that the district court erred in (1) finding that Justin was a beneficiary of Darin's estate and entitled to one-third of Darin's net estate; (2) determining that under the terms of the trust, the trustee is required to pay the educational expenses of the minor children and Justin would have a cause of action against the trustee for the failure to pay such expenses; and (3) determining that the unliquidated and contingent nature of the claim resulted in its being unfit for judicial resolution.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss is reviewed de novo.[1]

---

[1] *Litherland v. Jurgens*, 291 Neb. 775, 869 N.W.2d 92 (2015).

## ANALYSIS

On appeal, Marcia makes several arguments, but all are in support of her primary contention that the district court erred in dismissing her suit.

Marcia's suit is based upon her claim against Darin's estate. Some background is helpful to understand this process.

Neb. Rev. Stat. § 30-2486 (Reissue 2016) provides for the presentation of claims against an estate:

(1) The claimant may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. The claim is deemed presented on the filing of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.

(2) The claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction and the personal representative may be subjected to jurisdiction, to obtain payment of his or her claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his or her death.

(3) If a claim is presented under subsection (1), no proceeding thereon may be commenced more than sixty days after the personal representative has mailed a notice of disallowance; but, in the case of a claim which is not presently due or which is contingent or unliquidated, the personal representative may consent to an extension of the sixty-day period, or to avoid injustice the court, on

petition, may order an extension of the sixty-day period, but in no event shall the extension run beyond the applicable statute of limitations.

Neb. Rev. Stat. § 30-2485 (Reissue 2016) provides:

(a) All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) Within two months after the date of the first publication of notice to creditors if notice is given in compliance with sections 25-520.01 and 30-2483 . . . .

(2) Within three years after the decedent's death if notice to creditors has not been given in compliance with sections 25-520.01 and 30-2483.

(b) All claims, other than for costs and expenses of administration as defined in section 30-2487, against a decedent's estate which arise at or after the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) A claim based on a contract with the personal representative, within four months after performance by the personal representative is due;

(2) Any other claim, within four months after it arises.

(c) Nothing in this section affects or prevents:

(1) Any proceeding to enforce any mortgage, pledge, or other lien upon property of the estate; or

(2) To the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he or she is protected by liability insurance.

Neb. Rev. Stat. § 30-2492 (Reissue 2016) sets forth the procedure to follow in the case of unliquidated or contingent claims:

(a) If a claim which will become due at a future time or a contingent or unliquidated claim becomes due or certain before the distribution of the estate, and if the claim has been allowed or established by a proceeding, it is paid in the same manner as presently due and absolute claims of the same class.

(b) In other cases the personal representative or, on petition of the personal representative or the claimant in a special proceeding for the purpose, the court may provide for payment as follows:

(1) if the claimant consents, he may be paid the present or agreed value of the claim, taking any uncertainty into account;

(2) arrangement for future payment, or possible payment, on the happening of the contingency or on liquidation may be made by creating a trust, giving a mortgage, obtaining a bond or security from a distributee, or otherwise.

[2,3] The basis of the district court's decision was that Marcia's claim was not ripe.

Ripeness is a justiciability doctrine that courts consider in determining whether they may properly decide a controversy.[2] The fundamental principle of ripeness is that courts should avoid entangling themselves, through premature adjudication, in abstract disagreements based on contingent future events that may not occur at all or may not occur as anticipated.[3]

---

[2] *Shepard v. Houston*, 289 Neb. 399, 407, 855 N.W.2d 559, 566 (2014).

[3] *Id.*

Specifically, the district court noted:

> [I]t would appear that additional factual development is necessary. First, one does not know whether sufficient savings were provided under the Decree's provisions. One does not know the amount of "reasonable" educational expenses. Whether Justin qualifies for student financial aid is unknown. The amount of Justin's share of the estate is unknown. Finally, and most importantly, it appears there are no post-secondary expenses yet incurred. Marcia's claim recognized this by acknowledging that her claim was contingent and unliquidated. Given these unknowns, the issue is not yet fit for judicial resolution.

We agree with the district court that there are a great number of unknowns in this case. Indeed, Marcia acknowledges that her claim was contingent and unliquidated. But the unknowns presented by this case are insufficient, on the facts and situation presented, to make Marcia's suit not ripe.

Sections 30-2485 and 30-2492 plainly allow for such a claim. Sections 30-2485 and 30-2486 require Marcia to make this claim now; given the limitations on the filing of claims, a claim made after resolution of the various unknowns would be untimely and barred. We therefore reverse the district court's dismissal and remand the cause for further proceedings.

Because we are reviewing the grant of a motion to dismiss, for all relevant purposes, our record is limited to the pleadings filed in this case. Having reviewed those pleadings, we note that to the extent the district court and parties focus on an obligation to provide for Justin's college educational expenses, the divorce decree, at least as set forth in the pleadings, does not provide for payment of such expenses.

## CONCLUSION

We conclude that Marcia's action was ripe. We accordingly reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

KELCH and FUNKE, JJ., not participating.