Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/20/2017 09:13 AM CDT

Jane and John Doe, wife and husband, appellants,
v. William Bruce McCoy, appellee.
___ N.W.2d ___

Filed July 28, 2017.    No. S-16-746.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a
   motion to dismiss is reviewed de novo.
2. **Limitations of Actions.** The determination of which statute of limita-
   tions applies is a question of law.
3. **Judgments: Appeal and Error.** An appellate court independently
   reviews questions of law decided by a lower court.
4. **Statutes: Legislature.** In order for a court to inquire into a statute's
   legislative history, the statute in question must be open to construction,
   and a statute is open to construction when its terms require interpretation
   or may reasonably be considered ambiguous.
5. **Limitations of Actions.** The time limitation of Neb. Rev. Stat. § 25-228
   (Reissue 2016) does not apply to actions for which the existing statute
   of limitations had run at the time § 25-228 was enacted.

Appeal from the District Court for Douglas County: Gregory
M. Schatz, Judge. Affirmed.

Daniel H. Friedman, of Friedman Law Offices, P.C., L.L.O.,
for appellants.

James Martin Davis, of Davis Law Office, for appellee.

Danny C. Leavitt for amicus curiae Nebraska Association of
Trial Attorneys.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy,
Kelch, and Funke, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The plaintiffs in this case, who filed their complaint using the pseudonyms "Jane Doe" and "John Doe," appeal the order of the district court for Douglas County which dismissed their complaint against William Bruce McCoy. The court determined that the complaint should be dismissed for two reasons: (1) The action was time barred under the applicable statutes of limitations, and (2) the complaint was not brought in the real names of the parties in interest. We affirm the dismissal of the complaint on the basis that the statutes of limitations barred the action. Because that determination is dispositive of this appeal, we do not consider the issue regarding the plaintiffs' names.

## STATEMENT OF FACTS

On February 3, 2016, the plaintiffs herein filed a complaint in the district court using the pseudonyms "Jane Doe" and "John Doe." In the complaint, they set forth a tort cause of action in which they alleged that McCoy had engaged in acts of sexual battery, exhibitionism, and voyeurism that caused "Jane Doe" severe harm and extreme emotional distress and caused "John Doe" a loss of consortium. They generally alleged that McCoy was "Jane Doe's" mother's boyfriend and that on "innumerable occasions" beginning in 1991 and continuing through 1999, McCoy had sexually abused "Jane Doe" and her sister. "Jane Doe" was born in 1985 and was a minor throughout the duration of the alleged sexual abuse. "Jane Doe" married "John Doe" on April 17, 2014, and the plaintiffs claimed that "John Doe" suffered a loss of consortium as a result of McCoy's alleged sexual abuse of "Jane Doe."

McCoy filed a motion to dismiss the complaint on the bases that (1) the claims were barred by the applicable statutes of limitations and the plaintiffs alleged no facts that would exempt the claims from the statutes of limitations and

(2) the complaint failed to state a claim because the action was not brought in the plaintiffs' real names as required by Neb. Rev. Stat. § 25-301 (Reissue 2016). Prior to a hearing on the motion to dismiss, "Jane and John Doe" filed with the court a confidential document in which they disclosed their real names.

After the hearing, the court filed an order an July 27, 2016, which granted McCoy's motion to dismiss on both bases. With regard to the statutes of limitations, the court indicated that McCoy contended that only two applicable statutes read together controlled this case: Neb. Rev. Stat. § 25-207 (Reissue 2016) (action for tort damages must be brought within 4 years after action accrues) and Neb. Rev. Stat. § 25-213 (Reissue 2016) (if plaintiff is minor at time tort cause of action accrues, statute of limitations is tolled until plaintiff reaches age 21). The court determined that the tort was alleged to have occurred between 1991 and 1999, and that "Jane Doe" turned 21 on September 21, 2006. The court observed that if § 25-213 controlled, with the addition of 4 years, the statutes of limitations ran on September 21, 2010.

The court acknowledged the plaintiffs' argument that Neb. Rev. Stat. § 25-228 (Reissue 2016) applied to this case. Section 25-228 generally provides that in the case of a tort action in which the plaintiff is a victim of sexual assault of a child, the statute of limitations is extended to 12 years after the plaintiff reaches age 21. However, the court noted that § 25-228 was enacted in 2012 and did not become effective until July 19, 2012. The court stated that although the general rule is that the limitation period in effect at the time an action is filed controls, one of the exceptions to this general rule is that a defendant may not be deprived of a bar that has already become complete. The court concluded that because the bar in this case had become complete on September 21, 2010, the limitation period under § 25-228, which did not become effective until July 19, 2012, did not apply. The court concluded

that the complaint should be dismissed because the action was time barred.

With regard to the use of pseudonyms, the court stated that § 25-301 requires that all actions be brought in the name of the real party in interest and that although Nebraska case law acknowledged that in certain cases, a trial court may allow a party to bring an action under a pseudonym, a party seeking to do so must first receive approval from the court, which the plaintiffs in this case failed to do. The court further determined that even if the plaintiffs had timely petitioned the court to proceed anonymously, it would not have granted the request. The court reasoned that although the nature of the allegations in this case would be "very difficult for [Jane] Doe to relive . . . and be publically associated with," the allegations were "simply not 'exceptional' enough to overcome [the] customary and constitutionally-embedded presumption of openness in judicial proceedings." The court further stated that while it was common to preserve the anonymity of plaintiffs in cases involving minors, "Jane Doe" was no longer a minor and "should not be given any special deference in her request to proceed anonymously." The court concluded that the complaint should be dismissed because it was not brought in the names of the real parties in interest.

The plaintiffs appeal the order dismissing their complaint.

## ASSIGNMENTS OF ERROR
The plaintiffs claim that the district court erred when it (1) ruled that the action was time barred and (2) ruled that they should not be allowed to proceed anonymously.

## STANDARDS OF REVIEW
[1] A district court's grant of a motion to dismiss is reviewed de novo. *Harring v. Gress*, 295 Neb. 852, 890 N.W.2d 502 (2017).

[2,3] The determination of which statute of limitations applies is a question of law. *Lindner v. Kindig*, 293 Neb. 661,

881 N.W.2d 579 (2016). An appellate court independently reviews questions of law decided by a lower court. *Id*.

## ANALYSIS

We first consider the statutes of limitations issue, and we conclude that the action in this case was barred by the applicable statutes of limitations and that therefore the district court did not err when it dismissed the plaintiffs' complaint. Because that conclusion is determinative of the appeal, we need not consider the plaintiffs' assignment of error regarding the court's ruling that the plaintiffs should not be allowed to proceed anonymously. See *Irwin v. West Gate Bank*, 288 Neb. 353, 848 N.W.2d 605 (2014) (appellate court is not obligated to engage in analysis which is not needed to adjudicate controversy before it).

The district court determined that the only applicable statutes of limitations in this case were § 25-207, which provides that an action for tort damages must be brought within 4 years after the action accrues, and § 25-213, which provides that if the plaintiff is a minor at the time the tort cause of action accrues, the statutes of limitations are tolled until the plaintiff reaches age 21. Reading these statutes together and applying them to the facts alleged in the complaint, the court determined that the action accrued when "Jane Doe" was a minor, that she turned 21 in 2006, and that the statutes of limitations ran in 2010. The court concluded therefore that the action was barred at the time the plaintiffs filed it in 2016.

The plaintiffs argue on appeal that the district court erred when it rejected their argument that the action was timely, because § 25-228 extended the limitation period. At the time the plaintiffs filed their complaint, § 25-228 provided as follows:

Notwithstanding any other provision of law, actions for an injury or injuries suffered by a plaintiff when the plaintiff was a victim of a violation of section 28-319.01 or 28-320.01 can only be brought within twelve years after

the plaintiff's twenty-first birthday. Criminal prosecution of a defendant under section 28-319.01 or 28-320.01 is not required to maintain a civil action for violation of such sections.

We note that Neb. Rev. Stat. §§ 28-319.01 and 28-320.01 (Reissue 2016) pertain to sexual assault of a child. The plaintiffs argue that § 25-228, which was enacted in 2012, applied to their complaint and that pursuant to § 25-228, they had until September 21, 2018, which is 12 years after "Jane Doe" turned 21, to file their action. The plaintiffs therefore reason that their complaint filed February 3, 2016, was timely.

The district court determined, however, that § 25-228 did not apply to the action in this case, because the statutory bar pursuant to §§ 25-207 and 25-213 was complete in 2010 and § 25-228, which was enacted after 2010, could not overcome the completed bar. The court relied on *Schendt v. Dewey*, 246 Neb. 573, 520 N.W.2d 541 (1994), in which this court stated that although the limitation period in effect at the time an action is filed generally governs the action, the Legislature may not, inter alia, deprive a defendant of a bar which has already become complete. This court in *Schendt v. Dewey* relied on *Givens v. Anchor Packing*, 237 Neb. 565, 569, 466 N.W.2d 771, 773 (1991), in which this court had stated that a statutory "amendment cannot resurrect an action which the prior version of the statute had already extinguished." This court reasoned in *Givens v. Anchor Packing* that the rule was "grounded upon the due process guarantee found in Neb. Const. art. I, § 3, which prevents persons from being deprived of their property without due process of law," and that "immunity granted [to a defendant] by a completed statutory bar," like a plaintiff's right to recover on a judgment, "is a vested right which cannot be impaired by a subsequent legislative act." 237 Neb. at 569, 466 N.W.2d at 773, 774. The district court in this case concluded that McCoy "gained a vested right in the time-bar on September 21, 2010, under

the Nebraska Constitution, which outweighs any subsequent action by the Legislature."

For completeness, we note that with regard to limitations of actions, a distinction is often made between statutes of limitations and statutes of repose. See *California Public Employees' Retirement System v. ANZ Securities, Inc.*, ___ U.S. ___, 137 S. Ct. 2042, ___ L. Ed. 2d ___ (2017). However, in *Givens v. Anchor Packing, supra*, we stated that whether the statute at issue in that case was "characterized as a statute of repose . . . or as a statute of limitations . . . it [was] a statute prescribing limitations on actions" and that "[a]s such, its amendment cannot resurrect an action which the prior version of the statute had already extinguished." 237 Neb. at 569, 466 N.W.2d at 773.

The plaintiffs argue that the precedent cited by the district court to prohibit application of § 25-228 should not be applied to this case. In addition to arguing that such precedent was wrongly decided, they note that § 25-228 states that the time limitation set forth therein shall apply "[n]otwithstanding any other provision of law." The plaintiffs argue that such language should be read as showing a legislative intent to circumvent the rule set forth in *Schendt v. Dewey* and *Givens v. Anchor Packing*. In effect, they argue that "any other provision of law" as used in § 25-228 includes Neb. Const. art. I, § 3, and that the case law applying that constitutional provision which holds that the immunity granted to a defendant by a completed bar cannot be impaired by a subsequent legislative act, has become inapplicable by the language of § 25-228. They argue that the language indicates that the Legislature intended § 25-228 to apply to cases like theirs, "notwithstanding" the constitutional provision and this court's prior interpretation of it.

[4] We note that contrary to the reading of "any other provision of law" in § 25-228 as urged by the plaintiffs, the word "law" could reasonably be read as referring to any other statute of limitations that might be applicable to an action

described in § 25-228. Assuming that the plaintiffs' urged reading is also a reasonable interpretation of the statutory language, § 25-228 could be considered ambiguous and therefore open to construction by reference to its legislative history. See *Stewart v. Nebraska Dept. of Rev.*, 294 Neb. 1010, 1016, 885 N.W.2d 723, 728 (2016) ("[i]n order for a court to inquire into a statute's legislative history, the statute in question must be open to construction, and a statute is open to construction when its terms require interpretation or may reasonably be considered ambiguous").

Regarding the legislative history of § 25-228, we note that during floor debate of the bill that became § 25-228, the sponsor of the bill stated, "[T]here is no attempt at retroactivity to the extent that statute[s] of limitations under the currently existing paradigm have already run," Floor Debate, L.B. 612, Judiciary Committee, 102d Leg., 2d Sess. 36 (Jan. 27, 2012), and "in terms of fairness, this does not resurrect any already extinct cases under the prior statute[s] of limitations," *Id*. at 38. While stating that the bill would not "resurrect" actions upon which the existing statutes of limitations had run, the sponsor added that the Legislature did not have the authority to do so, stating that "any legislator lacks the constitutional authority to go back and, so to speak, unextinguish [sic] already extinguished statute[s] of limitations. . . . [T]he case law has been quite clear on that." *Id*. at 36.

[5] The legislative history of § 25-228 therefore indicates that the Legislature did not intend for the new time limitation to apply to actions for which the existing statute of limitations had run at the time § 25-228 was enacted. Therefore, to the extent the phrase "any other provision of law" in § 25-228 is ambiguous, the legislative history makes clear that the Legislature did not intend for the language to indicate, as the plaintiffs urge, that the new statute, § 25-228, would apply "notwithstanding" Neb. Const. art. I, § 3, and this court's interpretation of this constitutional provision. Leaving aside the question whether the Legislature could exempt a statute

from the requirements of a constitutional provision, the legislative history for § 25-228 indicates that in this instance, the Legislature did not attempt to do so.

Because the Legislature did not intend in § 25-228 to impair a defendant's vested right in a completed bar, we need not consider the plaintiffs' challenge to *Givens v. Anchor Packing*, 237 Neb. 565, 466 N.W.2d 771 (1991), and the related line of cases. Instead, we apply the statute in the manner the Legislature enacted it, and we determine that § 25-228 does not apply to an action that was already barred under the existing statutes of limitations at the time § 25-228 was enacted in 2012.

We note for completeness that on May 3, 2017, the Legislature passed L.B. 300, which repeals the version of § 25-228 that was enacted in 2012 and enacts a new version which provides, inter alia, that no time limitation applies to the types of actions specified in the statute, but that the new version of the statute applies to a violation that occurred prior to the effective date of the amendment only "if such action was not previously time barred." The Governor approved L.B. 300 on May 9, but L.B. 300 did not contain an emergency clause, and therefore it will not be effective until 3 months after the Legislature adjourned its 2017 session. See Neb. Const. art. III, § 27. We note that in this case, we examine and apply the version of § 25-228 in effect from the enactment of the statute in 2012 until the effective date of L.B. 300.

Because the applicable statutes of limitations on the plaintiffs' action against McCoy had run in 2010, and because § 25-228 did not extend the period of limitations for actions that had already been barred when it was enacted in 2012, we conclude that the district court did not err when it determined that the plaintiffs' action was barred when they filed their complaint in 2016. The determination that the action was barred by the statutes of limitations was sufficient to support the dismissal of "Jane Doe's" causes of action, and, because "John Doe's" allegations are derivative of a viable complaint

filed by "Jane Doe," see *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 278 Neb. 289, 770 N.W.2d 619 (2009), and *Schendt v. Dewey*, 246 Neb. 573, 520 N.W.2d 541 (1994), his cause of action for loss of consortium was also properly dismissed.

## CONCLUSION

We conclude that the action in this case was barred by the applicable statutes of limitations. Because this determination is dispositive of the appeal, we do not consider the issue regarding the plaintiffs' use of pseudonyms. We therefore affirm the district court's order dismissing the plaintiffs' complaint.

Affirmed.